**In re Oscar and Janice RESNICK, Debtors.**

**Oscar and Janice RESNICK, Plaintiffs,**

v.

**John JOHNSON, District Director, Internal Revenue Service, Defendant.**

**Bankruptcy No. 4–80–0003–G. Adv. No. 4–82–0269.**

United States Bankruptcy Court, D. Massachusetts.

May 13, 1985.

Steven A. Kressler, Kressler, Kressler & Pitnof, Worcester, Mass., for debtors.

Christopher Klieforth, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

### FACTS

This case comes before the Court on the defendant's motion to vacate an order of this Court.

On January 2, 1980, debtors Oscar and Janice Resnick (the "Debtors" or the "Resnicks") filed a Chapter 7 petition in bankruptcy before this Court. Among the debts listed by the Resnicks was their 1976 federal income tax liability of $14,945. The Debtors received a discharge on September 16, 1981.

On August 6, 1982, the Internal Revenue Service (the "IRS") filed a notice of levy on the wages, salary and other income of Oscar Resnick with his employer, the Worcester Foundation for Experimental

Biology. Shortly thereafter, the Debtors filed a complaint in this Court, seeking injunctive relief, in the form of a temporary restraining order, a preliminary injunction, and a permanent injunction. All three of these forms of relief were requested in order to enjoin the IRS from collecting, attempting to collect, or taking any action whatsoever in attempting to collect any taxes allegedly due as a result of the 1976 obligation of the Resnicks.

This Court issued a Temporary Restraining Order on August 11, 1982 and set August 19, 1982 as the date for a hearing on the preliminary injunction. The Debtors' attorney sent notice of this hearing to the IRS at their Boston headquarters.

A hearing was held on August 19, 1982, at which the IRS was not represented, and the motion for a preliminary injunction was allowed. September 30, 1982 was set as the date for a hearing on a permanent injunction. Two orders, both dated August 19, 1982 and prepared by the Debtors' attorney, were entered by this Court. One grants the motion for a preliminary injunction and the other grants the motion for a permanent injunction. The prohibition in both orders is not limited to the Resnick's 1976 taxes, but covers any taxes allegedly due from 1975 to the date of the orders.

On March 8, 1985, the defendant, John Johnson, the District Director of the IRS, filed a motion to vacate the Order of Permanent Injunction issued on August 19, 1982.

## CONCLUSIONS OF LAW

The IRS' motion to vacate is based on several arguments. First, the defendant

asserts that the suit by the Debtors is really a suit against the United States, that John Johnson, the District Director was not properly named as a defendant and that proper service was not effected against the United States. The defendant also asserts that the Resnicks' taxes for 1976 were not discharged, by their discharge in bankruptcy.

Addressing the defendant's first argument, this Court need not decide whether this was an action against the United States or against the District Director of the IRS. In either event, the plaintiff would be required to serve process upon the United States Attorney for the district in which the action was brought, upon the Attorney General of the United States at Washington, District of Columbia, and upon the IRS.[1] In the case *sub judice*, the Debtors' attorney admits that service was improper, in that it was only upon the IRS District Office. Neither the United States Attorney, nor the Attorney General of The United States received any notice.

The IRS' second argument, that the Debtors' 1976 tax obligation was not discharged, is also correct.

Section 523(a)(1)(A) of the Bankruptcy Code provides, in pertinent part, that:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or customs duty

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(6) of this title ...

The type of debt specified in Section 507(a)(7)[2] is "a tax on or measured by

---

1. Bankruptcy Rule 7004(b) provides, in pertinent part as follows:

(S)ervice may be made within the United States by first class mail postage prepaid as follows: ...

(4) Upon the United States, by mailing a copy of the summons and complaint to the United States attorney for the district in which the action is brought and also the Attorney General of the United States at Washington, District of Columbia and in any action attacking the validity of an order of an officer or an agency of the United States not made a party, by also

mailing a copy of the summons and complaint to such officer or agency.

(5) Upon any officer or agency of the United States, by mailing a copy of the summons and complaint to the United States as prescribed in paragraph (4) of this subdivision and also to the officer or agency.

2. The reference in Section 523(a)(1)(A) to Section 507(a)(6) should be to Section 507(a)(7). Section 507(a)(6) was redesigned as 507(a)(7) by the Bankruptcy Amendments and Federal Judgeship Act of 1984 but a conforming change

income ... for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition ..." In other words, an income tax obligation of a debtor is not discharged under section 727 if the last date on which a tax return could be filed falls within three years of the date of the filing in bankruptcy.

In the case *sub judice*, the Resnicks' income tax return was last due on April 15, 1977. Their bankruptcy petition was filed on January 2, 1980, within three years of the date on which the return was last due. Their 1976 income tax obligation was therefore not discharged by their bankruptcy. The Debtors, and their counsel, apparently mistakenly believed that the three year period of Section 507(a)(7) began to run on January 1, 1977, the first day that a 1976 tax return was due, rather than the correct date, April 15, 1977, the last date when a return was due.[3]

### CONCLUSIONS AND ORDER

In view of the foregoing, and all arguments of counsel, whether or not specifically mentioned, the following Order shall enter.

The defendant's Motion to Vacate the Order of Permanent Injunction, issued by this Court on August 19, 1982, is allowed and that order is hereby vacated.

---

in Section 523 was not made. *See Colliers on Bankruptcy,* Chapter 523, p. 523–1 (Fifteenth Edition).

3. *See* 11 U.S.C. § 507(a)(7).