**In re Rudolph S. MOLINA and Petra Molina, Debtors.**

**Rudolph S. MOLINA and Petra Molina, Appellees,**

v.

**UNITED STATES of America, Appellant.**

**Civ. A. No. C2–86–1325.
Bankruptcy No. 2–86–01140.**

United States District Court,
S.D. Ohio.

Nov. 30, 1988.

Roger M. Olsen, Asst. Atty. Gen., D. Patrick Mullarkey, Robin L. Greenhouse, Attys., Tax Div., Dept. of Justice, Washington, D.C., D. Michael Crites, U.S. Atty., Albert R. Ritcher, Asst. U.S. Atty., for appellant.

Robert H. Farber, Columbus, Ohio., for debtors.

### MEMORANDUM AND ORDER

GEORGE C. SMITH, District Judge.

This is an appeal by the United States of America of the August 21, 1986 Order of the Bankruptcy Court for the Southern District of Ohio which held that the filing of a Chapter 13 petition does not toll the running of the three year period for determining tax claim priority status pursuant to 11 U.S.C. § 507(a)(7)(A)(i).

### FACTS

As of April 9, 1986, the debtors, Rudolph S. Molina and Petra Molina, owed federal income taxes for the taxable years 1978, 1979, 1980, 1981 and 1984. The debtors have filed several bankruptcy petitions. The debtors filed their first Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Ohio on January 21, 1982. On December 16, 1982, the case was dismissed.

The debtors filed their second Chapter 13 petition on May 5, 1983, in the United States Bankruptcy Court for the Southern District of Ohio. The case was converted to a Chapter 7 liquidation, and discharge was granted on July 19, 1983.

On August 26, 1985, the debtors filed their third Chapter 13 petition in the United States Bankruptcy Court for the Southern District of Ohio. A plan was confirmed; however, upon motion of the trustee the case was dismissed on October 25, 1985 for failure to make any payments under the plan. This third bankruptcy petition was filed twenty-four days after an Internal Revenue Service Notice of Levy was issued to the debtor's employer, Quality Chevrolet, Inc., and one day after Final Demand was sent to the employer by the Internal Revenue Service.

The debtors' fourth and present Chapter 13 petition was filed on March 26, 1986 in the United States Bankruptcy Court for the Southern District of Ohio. This petition was filed twenty-one days after an Internal Revenue Service Notice of Levy was issued to Quality Chevrolet, Inc., and six days after a notice of levy was issued to Banc One of Columbus, Ohio regarding the debtors.

On May 29, 1986 the United States filed a Motion to Dismiss or Convert the debtors' bankruptcy case. The grounds for the motion was that the debtors filed their petition in bad faith and for the sole purpose of frustrating and delaying collection by the United States. In the alternative, the United States requested that if the bankruptcy petition is not dismissed, that the Court determine that the filing of a Chapter 13 petition tolls the running of the three year period for determining tax claim priority status.

By Order entered August 21, 1986, the Bankruptcy Court denied the United States' Motion to Dismiss or Convert, thereby determining that the debtors' latest Chapter 13 petition was not filed in bad faith. Further, the Court determined that the filing of a Chapter 13 petition does not toll the running of the three year period for determining tax claim priority status and

the Court refrained from, using its equity power to treat the tax claims as priority claims.

This appeal is before the Court pursuant to Rule 8001 of the Bankruptcy Rules and limited to the Bankruptcy Court's determination that the filing of a Chapter 13 petition does not toll the running of the three year period for determining tax claim priority status.

## OPINION

■ This Court must first consider the threshold question of mootness in addressing this appeal. As a practical matter, the dismissal of a bankruptcy case results in the dismissal of all adversary proceedings filed in that case. Section 349 of the Bankruptcy Code, however, reserves to the Court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown.

The Appellant has shown cause for this Court to alter the normal effects of a dismissal in bankruptcy. Appellees past record of filing bankruptcy petitions that they more than likely will be filing future bankruptcy petitions. With this fact in mind, the Court recognizes that the bankruptcy court's decision may collaterally estop the appellant from receiving the priority status due it concerning the 1981 income tax liability. Since good cause is shown this appeal is not moot and this court is in the position to grant effectual relief. *In re Pocklington*, 21 B.R. 199 (Bankr.S.D.Calif. 1982); *In re DeLorean Motor Co.*, 755 F.2d 1223 (6th Cir.1985).

We turn now to the decision of the Bankruptcy Court which stated that the filing of a Chapter 13 petition does not toll the running of the three year period for determining tax claim priority status. This decision followed the decision of *In re Murnane*, Case No. 2–85–01543 (Bankr.S.D. Ohio, July 11, 1986) (unreported, J. Pettigrew). However, *In re Murnane* has been reversed. Case No. 2–86–1287 (unreported, J. Holschuh). The reasons for reversing *Murnane* are clearly applicable to the case at bar.

In *Murnane,* the Court found that three-year period specified in 11 U.S.C. § 507(a)(7)(A)(i) is tolled by the filling of a Chapter 13 petition.

11 U.S.C. § 507(a)(7)(A)(i) provides:

(a) The following expenses and claims have priority in the following order:
(7) Seventh, allowed unsecured claims of governmental units, only to the extent such claims are for—
(A) a tax on or measured by income or gross receipts—
(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

This three-year period parallels 26 U.S.C. § 6501(a) which provides that a tax is to be assessed within three years after a return is filed and that no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

■ The importance of achieving this priority status is reflected in 11 U.S.C. § 523(a)(1) which provides that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) ... does not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—
(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

Accordingly, pursuant to these two provisions, an income tax obligation of a debtor is not dischargeable if the last date on which a tax return could have been filed falls within three years of the date of the filing of the bankruptcy petition. *In re Resnick,* 52 B.R. 90, 92 (Bkrtcy.D.Mass. 1985). Conversely, if the debtor files for bankruptcy after the three-year period, the debt is dischargeable. *Id.* ·The intent of Congress is made clear in the legislative history of the Bankruptcy Act:

It is believed that such a [3 year] period will not impose an unrealistic or unfair burden upon the tax authorities in auditing returns and assessing deficiencies. In fact, the period coincides with the 3–year statute of limitations for assessments in Federal income tax cases. The fact that tax claims for the 3 years preceding bankruptcy will not be discharged should serve to discourage recourse to bankruptcy as a facile device for evading tax obligations. At the same time it will become feasible for an industrious debtor to reestablish ˙himself as a productive and taxpaying member of society.

S.Rep. No. 1158, 89th Cong., 2d Sess —— *reprinted in* 1966 U.S.Code Cong. & Admin.News 2468, 2470.

■ It is the debtors' position that the plain language of section 507(a)(7)(A)(i) bars the IRS from obtaining priority status on the 1981 tax liability because their Chapter 13 petition was filed on March 26, 1986, *i.e.* beyond the three-year period. By contrast, the government argues that because the debtors were engaged in Chapter 13 proceedings from January 21, 1982 until August, 1986, the automatic stay provision of 11 U.S.C. § 362 precluded the government from taking any action to collect the taxes, and this acted to toll section 507(a)(7)(A)(i)'s three-year limitation.

The Bankruptcy Act provides for an extension of statute of limitations for creditors where they are hampered from proceeding outside of the bankruptcy court due to bankruptcy stays. 11 U.S.C. § 108(c) provides:

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
(1) the end of such period, including any suspension of such period occur-

ring on or after the commencement of the case; or

(2) 30 days after the notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

*See also McCoy v. Grinnell*, 31 B.R. 827, 831 (Bkrtcy.W.D.Wash.1983).

As stated earlier, 26 U.S.C. § 6501 provides a three-year statute of limitations for the assessment of taxes. 26 U.S.C. § 6502 provides a six-year statute of limitations for the collection of taxes. 26 U.S.C. §§ 6503(b) and 6503(i), however, extend both of these time periods in relation to bankruptcy proceedings:

(b) The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in proceeding before any court of the United States or of any State or of the District of Columbia, and for 6 months thereafter.

. . . . .

(i) The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collections shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—

(1) for assessment, 60 days thereafter, and

(2) for collection, 6 months thereafter.

As applied to the present case, the statute therefore has the effect of suspending the running of the limitations period while the taxpayer's assets were in the custody or control of the bankruptcy court and for six months thereafter. *Accord United States v. Breshears*, 698 F.2d 394 (9th Cir. 1983); *United States v. Verlinsky*, 459 F.2d 1085, 1088 (5th Cir.1972). As was stated by the Fifth Circuit in *Verlinsky*, 459 F.2d at 1087, "Quite obviously, the reason for the rule is that it would be unfair to allow the statute to run against

the government's right to enforce a tax lien when, even if the government did bring suit, it couldn't collect because it couldn't 'get at' the taxpayer's assets." Section 108(c) therefore activates 26 U.S.C. § 6503 and, although it does not toll the statute of limitations, it suspends it until the debtor's assets are no longer under court control and for six months thereafter. *Accord In re Brickley*, 70 B.R. 113, 115 (9th Cir. Bkrtcy.1986); *In re Baird*, 63 B.R. 60, 62–63 (Bkrtcy.W.D.Ky.1986).

These statutes and their legislative history make clear that Congress did not intend for a taxpayer to be able to escape liability by protecting his assets in a bankruptcy proceeding until the statute of limitations expired. *Brickley*, 70 B.R. at 115. To accept the debtors' argument in this case would be to circumvent this congressional intent. As was stated by the Ninth Circuit in *Brickley*, 70 B.R. at 115:

To follow the Debtors' argument would render the extension of the statute of limitations in Section 108(c) without meaning, since tax collectibility is obviously useless if the tax debt has been discharged. In addition, such a result would open the door to schemes of tax avoidance by debtors who could simply dismiss and refile their case after the expiration of the three-year period of nondischargeability. *Since enforcement of the tax laws against delinquent tax debtors takes time, Congress, through section 523, intended to give the taxing authority at least three full years to pursue such debtors ...* Congress did not intend to allow tax avoidance through bankruptcy by permitting the discharge of the debtor before the taxing authority has had a fair opportunity to collect taxes due. (citations omitted) (emphasis added).

*Accord In re Frederick Carter*, 74 B.R. 613 (Bkrtcy.E.D.Pa.1987).

In conclusion, this Court holds that the filing of a bankruptcy petition suspends the running of the three year period for determining tax claim priority status pursuant to 11 U.S.C., Section 507(a)(7)(A)(i). Conse-

quently, the Bankruptcy Court's Order of August 21, 1986 is hereby VACATED.

IT IS SO ORDERED.