**In the Matter of Harold G. FLORENCE, Janet S. Florence, Debtors.**

**Harold G. FLORENCE, Janet S. Florence, Plaintiffs,**

**v.**

**INTERNAL REVENUE SERVICE United States of America, Defendant.**

**Bankruptcy No. 3–89–00848. Adv. No. 89–0079.**

United States Bankruptcy Court, S.D. Ohio, W.D.

March 29, 1990.

Pamela M. Stanek, Asst. U.S. Atty., Dayton, Ohio, for defendant.

M. Joseph Kisor, Kettering, Ohio, for debtors/plaintiffs.

**DECISION ON ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order of Reference entered in this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)—allowance or disallowance of claims against the estate and (I) determinations as to the dischargeability of particular debts. This proceeding is before the court on cross-motions for Summary Judgment.

FACTS

From the pleadings and exhibits filed, the following facts are undisputed. The debtors 1981 tax return was due on April 15, 1982, but they received an extension until May 17, 1982 and actually filed their 1981 return on April 25, 1982. Debtors filed their 1982 tax return on April 15,

1983. On June 17, 1983, the debtors filed a Chapter 13 case (Case No. 3–83–01422). Approximately four and one half years later, on January 20, 1988, that Chapter 13 case (Case No. 3–83–01422) was dismissed. On March 7, 1989, the debtors filed this pending Chapter 7 case. On August 2, 1989, the Internal Revenue Service (IRS) filed a proof of claim which listed the debtors' assessed outstanding federal tax obligation for 1981 as five thousand five hundred sixty-nine dollars and fifty-seven cents ($5,569.57) ($1,673.80–principal and $3,895.77–interest) and for 1982 as nineteen dollars and fifty-four cents ($19.54—interest only).

The debtors initiated this adversary proceeding seeking a determination that the above tax obligations should be discharged in this Chapter 7 case (Doc. 1). The IRS contends, pursuant to 11 U.S.C. § 523(a)(1) and § 507(a)(7), the debtors' tax obligations should be exceptions to any discharge issued. The parties submitted a Joint Statement of Facts (Doc. 18); and, thereafter, the plaintiff debtors filed their motion for summary judgment (Doc. 19) and the defendant IRS filed its motion for summary judgment (Doc. 20).

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989). The relevant facts are not in dispute. Thus summary judgment is

appropriate to determine the dischargeability of the debtors' federal tax obligations.

The debtors argue that the subject tax claims are dischargeable because the tax returns were due and were filed (1981 return filed April 25, 1982, 1982 return filed April 15, 1983) more than three years prior to the date of the filing of this chapter 7 case (petition filed March 7, 1989). The IRS argues that, although neither of these tax returns was last due or filed within the three-year period preceding the filing of this chapter 7 case, several courts have held that the filing of a prior bankruptcy case, specifically a Chapter 13 case, suspends the running of the § 507(a)(7) three-year period for the time that the debtors or their assets are under the protection of the Bankruptcy Court. The IRS cites *In re Molina*, 99 B.R. 792 (D.S.D.Ohio 1988) and *In re Murnane*,[1] unreported, Case No. 2–86–1287 (D.S.D.Ohio July 24, 1987) in support of its argument and urges the court to follow these authorities.

The issue presented implicates a number of Code provisions and as the Supreme Court noted in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 358, 93 L.Ed.2d 216 (1986),

> Of course, the "starting point in every case involving construction of a statute is the language itself." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756, 95 S.Ct. 1917, 1935, 44 L.Ed.2d 539 (1975) (POWELL, J., concuring). But the text is only the starting point. As Justice O'CONNOR explained last Term, " ' "In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." ' " (citations omitted)

11 U.S.C. § 523(a)(1)[2] provides that a tax of the kind and for the periods specified in

---

**1.** LBR 5.9 Unreported Opinions—If unreported opinions or opinions only available through an electronic retrieval process are cited, copies of the opinion shall be attached to the pleadings, briefs or memoranda and shall be furnished to opposing counsel, and such attachments shall be an exception to the twenty (20) page limitation of LBR 5.8. Failure to submit such attachments may be grounds for striking the pleading.

(Counsel for the IRS attached a complete filed copy of the District Court's opinion.)

**2.** 11 U.S.C. 523(a)(1)(A) provides:
(a) A discharge under section 727, 1141, 1228(a) and 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(1) for a tax or a customs duty—

11 U.S.C. § 507(a)(7)(A)(i)[3] is subject to discharge. § 507(a)(7)(A)(i) confers priority status on a tax claim for which a return was last due within three (3) years of the filing of the bankruptcy petition. Thus an income tax obligation for which a return was due within three years of the filing of a bankruptcy petition is an exception to any discharge granted a debtor. The court in *Etheridge v. Illinois Department of Revenue (In re Etheridge)*, 91 B.R. 842, 845 (Bankr.C.D.Ill.1988) opined that the rationale behind this exception to discharge is that "[t]hose taxes—due less than three years before the bankruptcy—have not yet become so "stale" to be forgiven entirely or to unjustifiably burden general unsecured creditors by receiving a priority."

It is uncontested that the returns for the tax obligations were due and filed more than three years prior to the filing of this Chapter 7 petition. Thus, it would appear that the tax obligations are dischargeable; however, for the entire three year period prior to filing the within Chapter 7 bankruptcy, the debtors' assets were under the protection of the Bankruptcy Code as a result of the debtors' prior Chapter 13 case. The debtor's interpretation and application of § 523(a)(1) and § 507(a)(7) would, in a Chapter 7 case that follows a Chapter 13 case, create impenetrable refuge for delinquent taxpayers. Such a result is neither required by, nor consistent with, a holistic interpretation of the Bankruptcy Code. Further, as the following discussion indicates, both the *Molina* and *Brickley* courts rejected similar arguments by debtors.

The debtors in *Molina* had filed four consecutive chapter 13 petitions from 1982–86. The third was filed twenty-four days after an IRS Notice of Levy was issued to one of the debtor's employers and the fourth was filed twenty-one days after an IRS Notice of Levy was issued to one of the debtor's employers. *Molina* at 793. The debtors in *Molina* made the same argument as the instant debtors, that is, under the language of 507(a)(7)(A), because the debtors' tax obligations were due for a period three (3) years prior to the date the debtors filed bankruptcy, their tax liabilities were dischargeable.

The *Molina* court held that in dischargeability actions brought pursuant to 523(a)(1), in a debtor's Chapter 7 proceeding that follows a previous Chapter 13 proceeding of that same debtor, in calculating the relevant three-year period under 507(a)(7)(A)(i), the court should exclude the time that the debtor spent in the previous Chapter 13. The court stated that the filing of a prior Chapter 13 bankruptcy case suspends the running of the 11 U.S.C. § 507(a)(7)(A)(i) three year period for determining tax priority status. *Molina* at 795. The court determined that 11 U.S.C. 108(c)[4], which provides for an extension of the statute of limitation for creditor actions while a debtor's assets are under the protection of the bankruptcy court, activates

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

3. 11 U.S.C. 507(a)(7) provides:
(a) The following expenses and claims have priority in the following order:
(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—
(A) a tax on or measured by income or gross receipts—
(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extension, after three years before the date of the filing of the petition;

4. Section 108

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 30 days after the notice of the termination of expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

**112**

26 U.S.C. § 6503(i)[5] which suspends the running of the statute of limitations on IRS assessment and collection activities during the pendency of a Title 11 proceeding. The court further noted that "[t]hese statutes and their legislative history make clear that Congress did not intend for a taxpayer to be able to escape liability by protecting his assets in a bankruptcy proceeding until the statute of limitations expired". *Molina* at 795 (citation omitted).

Similarly, in *Brickley v. Internal Revenue Service (In re Brickley)*, 70 B.R. 113, 115 (Bankr. 9th Cir.Bap 1986) the debtors commenced a chapter 13 case in 1981 which lasted until some time in 1984. Later in 1984, the debtors commenced another bankruptcy case, this time under chapter 7, and sought discharge of their 1979 and 1980 tax liabilities. The court in holding that the debtors' tax liabilities were not subject to discharge because the three-year period had not expired, discussed the policy objectives that § 523 and § 108 seek to advance:

> To follow the Debtors' argument would render the extension of the statute of limitations in Section 108(c) without meaning, since tax collectibility is obviously useless if the tax debt has been discharged. In addition such a result would open the door to schemes of tax avoidance by debtors who could simply dismiss and refile their case after the expiration of the three-year period of nondischargeability. Since enforcement of the tax laws against delinquent tax debtors takes time, Congress, through Section 523, intended to give the taxing authority *at least three full years to pursue such debtors* (citation omitted) (emphasis added).

**5.** 26 U.S.C. Section 6503. Suspension of running of period of limitation

(i) Cases under title 11 of the United States Code.—The running of the period of limitation provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—
(1) for assessment, 60 days thereafter, and
(2) for collection, 6 months thereafter.

**6.** 26 U.S.C. § 6502. Collection after assessment

The debtor's citation to *In re Deitz*, 106 B.R. 236 (Bankr.D.Colo.1989) is not inconsistent with this decision since the filing sequence in *Deitz* consisted of an initial Chapter 7 case followed by a Chapter 13 case, not an initial Chapter 13 case followed by a Chapter 7 case, which is the filing sequence in the proceeding, *sub judice. Deitz*, 106 B.R. at 237.

Based on the above discussion, this court finds that both the 1981 and 1982 tax obligations of the debtors are excepted from discharge. The debtors filed a Chapter 13 case (No. 3–83–01422) shortly after filing their 1982 income tax return. As a result of the protection provided by the Bankruptcy Code, the debtors were able to prevent creditors, including the IRS, from engaging in any collection activities for approximately four and a half years while they attempted to complete their Chapter 13 plan. The most recent report filed by the Trustee in this case indicates that there are no assets available for distribution in this case. (Doc. 11 Case # 3–89–00848). The result sought by the debtors' Motion For Summary Judgment would impermissibly shape the Code's shield in a sword.

The debtors' 1981 tax return, with extension, was due on April 25, 1982 and their 1982 tax return was due April 15, 1983. According to the proof of claim filed by the IRS, the debtors 1981 tax assessment occurred on May 5, 1983 and their 1982 taxes were assessed on September 26, 1983. 26 U.S.C. § 6502(b)[6] provides a six-year period for collection once assessment has occurred. The debtors previous bankruptcy case was dismissed in 1988 and approximately fourteen (14) months later the debt-

(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
(1) within 6 years after the assessment of the tax, or
(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such 6–year period (or, if there is a release of levy under section 6343 after such 6–year period, then before such release)

ors filed this present action. Thus the three (3) year period had not expired before the debtors filed the present case. *Brickley*, 70 B.R. at 115.

The debtors further argue that even if the court adopts the reasoning of *Molina,* the tax obligations in this proceeding are still dischargeable. The essence of the debtor's argument is that 26 U.S.C. § 6503(i) extends the period for collection of taxes for six months following dismissal of a bankruptcy case; and, since there was a fourteen (14) month interval between the dismissal of the previous Chapter 13 case and the current Chapter 7 bankruptcy case, during which the IRS did not collect on its claim, the statute of limitations has expired and the debt is now dischargeable.

The language of 26 U.S.C. § 6503(i) provides for the suspension, not the elimination, of the running of the period of limitations governing collection during the time the debtor is in bankruptcy and for six months thereafter, at which time the running of the period of limitations resumes. Thus a considerable portion of the total period contemplated by the statute remains available for the collection of the tax obligations.

Accordingly, the court GRANTS the defendant's Motion For Summary Judgment (Doc. 20) and determines the debtor's tax obligations to the Internal Revenue Service are exceptions to the debtor's discharge.

An order in accordance with this decision is simultaneously entered.

SO ORDERED.