In re Mark E. PASTULA and
Pamela Pastula, Debtors.

UNITED STATES of America, Appellant,

v.

Mark and Pamela PASTULA, Appellees.

No. 97–CV–70288.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 24, 1997.

Terri M. Weik, Birmingham MI, David Einstandig, Thav, Gross, Steinway & Bennett, P.C., Birmingham, MI, for Debtors.

Joan J. Fahlgrem, Detroit, MI, Special Assistant U.S. Attorney.

David Ruskin, Southfield, MI, Chapter 13 Trustee.

## OPINION

O'MEARA, District Judge.

The United States is appealing the bankruptcy court's January 7, 1997 decision that the debtors' 1989–1991 federal income tax liabilities are dischargeable. The United States filed its appellate brief on April 30, 1997. Because debtors Mark and Pamela Pastula are unrepresented on appeal, no brief has been filed on their behalf.[1]

## BACKGROUND

On July 21, 1992, the debtors filed a bankruptcy petition (hereinafter referred to as the "first bankruptcy case"). In that proceeding, the debtors made provision for payment of their 1989–1991 federal tax liabilities. On July 26, 1995, the debtors' first bankruptcy case was dismissed. Approximately $20,000 of the 1989–1991 tax liabilities had not been paid prior to dismissal.

On or about September 15, 1995, the debtors filed a second bankruptcy petition (hereinafter referred to as the "second bankruptcy case"). On December 11, 1995, the Internal Revenue Service (IRS) filed a proof of claim in that case, asserting a priority claim for the debtors' unpaid taxes from 1989–1991 as well as those from 1992–1994. The debtors objected to the IRS's proof of claim, alleging that the 1989–1991 liabilities were not entitled to priority status because they were assessed more than three years prior to the petition date. The IRS contended that the three-year priority period was tolled during the pendency of the debtors' first bankruptcy case and that therefore the 1989–1991 taxes were entitled to priority status in the second bankruptcy case.

---

1. The court does have the benefit of the brief filed on behalf of the Debtors at the trial court level.

The bankruptcy court held that the three year "look back," or priority, period of 11 U.S.C. § 507(a)(8)(A)(i) was not tolled during the first bankruptcy case and, therefore, the 1989–1991 taxes were not entitled to priority in the second bankruptcy case. *See In re Pastula,* 203 B.R. 941 (Bankr.E.D.Mich. 1997).

## LAW AND ANALYSIS

### I. Jurisdiction and Standard of Review

The court's jurisdiction over this appeal is predicated on 28 U.S.C. § 158(a)(1), which gives district courts authority to hear appeals of final orders of the bankruptcy courts.

The standard of appellate review is clear error with respect to findings of fact and *de novo* with respect to conclusions of law. Fed.R.Bankr.P. 8013; *In re The Gibson Group, Inc.,* 66 F.3d 1436, 1440 (6th Cir. 1995); *Harbour Lights Marina, Inc. v. Wandstrat,* 153 B.R. 781, 782 (S.D.Ohio 1993) ("When reviewing a bankruptcy court's decision, a district court functions as an appellate court, and applies the standard of review generally applied in the federal courts of appeals."). Whether the priority period in 11 U.S.C. § 507(a)(8)(A)(i) should have been tolled during the debtors' first bankruptcy case is a question of law and is therefore reviewed *de novo.*

### II. Tolling of the Priority Period

█ A debtor's unpaid taxes are entitled to priority status in bankruptcy proceedings if such liabilities are "for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." 11 U.S.C.A. § 507(a)(8)(A)(i) (West Supp.1997). In other words, income tax liabilities that are less than three years old obtain priority status pursuant to section 507 and are thus nondischargeable under 11 U.S.C. § 523(a)(1), which provides,

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed.

11 U.S.C.A. § 523(a)(1)(A) (West Supp.1997).

The United States contends that the priority period set forth in section 507 should be tolled during bankruptcy proceedings. Although the Bankruptcy Code does not expressly provide for such a suspension of the priority period, the overwhelming majority of courts that have considered the question have determined that sections of the Bankruptcy Code and the Internal Revenue Code, along with the legislative history of those statutes and public policy considerations, support the United States' interpretation. *See, e.g., In re Waugh,* 109 F.3d 489 (8th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 80, 139 L.Ed.2d 38 (1997); *In re Taylor,* 81 F.3d 20 (3rd Cir.1996); *United States v. Richards,* 994 F.2d 763 (10th Cir.1993) (concluding that the priority period of § 507 could be tolled based upon the bankruptcy court's equitable powers); *In re West,* 5 F.3d 423 (9th Cir.1993), *cert. denied,* 511 U.S. 1081, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994) (holding priority period of § 507(a)(8)(A)(ii) is suspended during bankruptcy proceedings); *Montoya v. United States,* 965 F.2d 554 (7th Cir.1992); *In re Zecco,* 211 B.R. 109 (Bankr.D.Mass.1997); *Molina v. United States,* 99 B.R. 792 (S.D.Ohio 1988). *But see In re Quenzer,* 19 F.3d 163 (5th Cir.1993) (issues of provisions in the Internal Revenue Code, legislative history, and matters of policy were not raised); *In re Nolan,* 205 B.R. 885 (Bankr.M.D.Tenn.1997); *In re Gore,* 182 B.R. 293 (Bankr.N.D.Ala.1995); *In re Turner,* 182 B.R. 317 (Bankr.N.D.Ala.1995).

Many courts that have determined that the priority period of section 507(a)(8)(A)(i) is tolled during bankruptcy proceedings have looked to section 108(c) of the Bankruptcy Code and section 6503(b) and (h) of the Internal Revenue Code. Section 108(c) provides,

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in

a court other than a bankruptcy court on a claim against a debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C.A. § 108(c) (West 1993). Section 6503 provides,

(b) **Assets of taxpayer in control or custody of court.**—

The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States or of any State or of the District of Columbia, and for 6 months thereafter.

(h) **Cases under title 11 of the United States Code.**—The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period for which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—

(1) for assessment, 60 days thereafter, and

(2) for collection, 6 months thereafter.

26 U.S.C.A. § 6503(b), (h) (West Supp.1997).

Although the statute of limitations for collecting taxes is tolled during bankruptcy proceedings, the bankruptcy court concluded that neither the "Bankruptcy Code nor the [Internal Revenue Code] serve to toll, suspend or extend the relevant [priority] periods because §§ 108(c) and 6503(h) do not apply to bankruptcy laws." *In re Pastula,* 203 B.R. at 946. As the Eighth Circuit ex-

plained, however, "If we applied the plain meaning of section 108(c) and held that the priority period of section 507(a)(8)(A)(i) is not suspended during bankruptcy proceedings, Congress's intent to afford the IRS a three-year priority period for collection of taxes certainly would be frustrated." *In re Waugh,* 109 F.3d at 493. Indeed, as the Third Circuit has noted, section 507(a)(8)(A)(i) "simply provides priority as to those taxes which fall within the three-year limitation period. The extension of time provided within § 108(c) of the Bankruptcy Code and § 6503(h) of the Internal Revenue Code would be meaningless if debtors could discharge their tax liability by filing successive bankruptcies." *In re Taylor,* 81 F.3d at 24. *See also In re Grogan,* 158 B.R. 197, 202 (Bankr.E.D.Cal.1993) ("To argue that the statute of limitations should be tolled while the time limit for determining claims priority should run is both logically inconsistent and contradicts congressional policy; as mentioned previously, priority treatment usually indicates whether a claim will, as a practical matter, be paid.").

■ This court agrees with the analysis of the tolling issue as exemplified by the decisions in *Waugh, Taylor,* and *Grogan,* which represent the majority view. Accordingly, the court concludes that the priority period of section 507(a)(8)(A)(i) is suspended during bankruptcy proceedings. In the present case, therefore, the priority status of the debtors' 1989–1991 tax liabilities has been preserved.

### ORDER

**IT IS HEREBY ORDERED** that the bankruptcy court's January 7, 1997 Memorandum Opinion Finding Debtors' Tax Debt Dischargeable is **REVERSED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the bankruptcy court for proceedings consistent with this opinion and order.