**In re James G. KAISER, Claudia K. Kaiser, Debtors.**

**James G. Kaiser, Claudia K. Kaiser, Plaintiffs,**

**v.**

**United States of America, Defendant.**

**Bankruptcy No. 94–51628.
Adversary No. 96–5103.**

United States Bankruptcy Court,
N.D. Ohio.

June 15, 1999.

Diane R. Guzzo, Akron, OH, for debtors.

S. Robert Lyons, U.S. Department of Justice, Washington, D.C., James L. Bickett, Assistant U.S. Attorney, Akron, OH, for United States of America.

Harold A. Corzin, Akron, OH, trustee.

## MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

H.F. WHITE, Bankruptcy Judge.

This matter is before the court on the motion for summary judgment filed by the defendant, the United States of America ("USA" or "Government"), related briefs and stipulations of fact filed by the parties. The parties agreed to submit all papers necessary for the court to make the decision on the complaint. The issue in the complaint is whether the debtors' income taxes for the years 1988, 1989 and 1990 [1] are dischargeable debts.

The Court has jurisdiction in this adversary proceeding by virtue of 28 U.S.C. § 1334(b) of the United States Code and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Standards on summary judgment under Rule 56 of the Federal Rules of Civil Procedure are made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56(c) provides for a grant of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In this case, the facts are undisputed and the parties have submitted stipulations of fact. The parties agree that the only issue for this court to decide is the legal issue regarding the dischargeability of the taxes for 1988, 1989 and 1990.

## STIPULATIONS OF FACT

1. On July 3, 1986, the debtors filed their first bankruptcy under chapter 13 (No. SB 8603722 JW).

2. The debtors received an extension to file their Federal income tax return for the 1988 tax year on or before October 15, 1989.

3. On October 20, 1989, the debtors filed their 1988 Federal income tax return.

4. On December 7, 1989, the debtors' first chapter 13 bankruptcy (No. SB 8603722 JW) was dismissed.

5. The debtors received an extension to file their Federal income tax return for the 1989 tax year on or before October 15, 1990.

6. On September 4, 1990, the debtors filed their second bankruptcy under chapter 13 (No. 90–07614 JM13).

7. On October 19, 1990, the debtors filed their 1989 Federal income tax return.

8. The debtors received an extension to file their Federal income tax return for the 1990 tax year on or before October 15, 1991.

9. On July 1, 1991, the debtors' second chapter 13 bankruptcy (No. 90–07614 JM13) was dismissed.

---

1. The complaint addresses only the taxes for the years 1988, 1989 and 1990. However, the USA, in its Supplemental Memorandum, also mentions taxes due for 1991. Because the 1991 taxes are not addressed in the complaint, the court will not address them here.

10. On September 12, 1991, the debtors filed their third bankruptcy under chapter 13 (No. 9110359–LM–13).

11. The debtors received an extension to file their Federal income tax return for the 1991 tax year on or before October 15, 1991.

12. On October 18, 1991, the debtors filed their 1990 Federal income tax return.

13. On December 13, 1991, the debtors' third chapter 13 bankruptcy (No. 9110359–LM–13) was dismissed.

14. On October 19, 1994, the debtors filed for bankruptcy under chapter 7.

15. The proceeding was listed as a no-asset chapter 7 by notice dated October 24, 1994.[2]

16. The certificate of service for the October 24, 1994, notice lists the address for the Internal Revenue Service as "Cincinnati, Ohio 45999."

17. A "Notice of Need to File Proof of Claim Due to Recovery of Assets" was issued on May 26, 1995.

18. The notice states that the last date to file claims was August 31, 1995.

19. The certificate of service for the May 26, 1995, notice lists the address for the Internal Revenue Service as "Cincinnati, OH 45999."

20. On or about June 1995, the Internal Revenue Service filed with the Summit County Recorder's Office a Certificate of Release of Federal Tax Lien with respect to Federal income taxes assessed for the 1989 and 1990 years.

21. On July 28, 1995, the Internal Revenue Service filed with the Summit County Recorder's Office a Certificate of Release of Federal Tax Lien with respect to Federal income taxes assessed for the 1991 year.

22. On July 28, 1995, the Internal Revenue Service filed with the Summit County Recorder's Office a Certificate of Release of Federal Tax Lien with respect to Federal income taxes assessed for the 1992 tax year.

23. On May 23, 1996, the plaintiffs filed the instant complaint against the United States, asking this court to determine the dischargeability of their Federal income tax liabilities for 1988, 1989, and 1990.

24. By proof of claim dated June 18, 1996, and filed on July 1, 1996, the Government filed a proof of claim asserting the following claims:

### SECURED CLAIMS

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed |
|---|---|---|---|---|---|---|
| Income | 1988 | 11/20/89 | -0- | $482.94 | $406.51 | 11/6/92 |

Total Amount of Secured Claims: $ 889.45

### UNSECURED GENERAL CLAIMS

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|
| Income | 1989 | 11/26/90 | $27,375.00 | $14,453.51 |
| Income | 1990 | 11/18/91 | $10,459.60 | 3,681.72 |
| | | | $37,834.60 | $18,135.23 |

Penalty to date of petition on unsecured priority claims (including interest thereon)......$4,730.30.

Total amount of Unsecured General Claims: $60,700.13

2. The stipulation as filed incorrectly indicates the no-asset notice was dated October 24, 1996. The correct date is October 24, 1994.

25. By proof of claim dated September 13, 1996, and filed on September 19, 1996, the Government filed an amended proof of claim asserting the following claims:

## SECURED CLAIMS

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed |
|---|---|---|---|---|---|---|
| Income | 1988 | 11/20/89 | -0- | $482.94 | $406.51 | 11/6/92 |

Total Amount of Secured Claims: $ 889.45

## UNSECURED PRIORITY CLAIMS

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|
| Income | 1989 | 11/26/90 | $27,375.00 | $14,453.51 |
| Income | 1990 | 11/18/91 | $10,459.60 | 3,681.72 |
| | | | $37,834.60 | $18,135.23 |

Total Amount of Unsecured Priority Claims: $55,969.83

## UNSECURED GENERAL CLAIMS

Penalty to date of petition on unsecured priority claims (including interest thereon)......$4,730.30.
Total amount of Unsecured General Claims: $ 4,730.30

### ISSUE

Was the three year priority period of section 507(a)(8)(A)(i) suspended during the debtors' prior bankruptcy cases for purposes of determining the dischargeability of the debtors' Federal income taxes for 1988, 1989 and 1990?

### CONCLUSIONS OF LAW

Section 523 of the code provides certain exceptions to discharge and states, in part, that a discharge under section 727 does not discharge an individual debtor from any debt for taxes of the kind and for the periods specified in section 507(a)(8). 11 U.S.C. § 523(a)(1).

Section 507 addresses priorities of claims and states, in pertinent part,

(a) The following expenses and claims have priority in the following order:

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

11 U.S.C. § 507(a)(8)(A)(i).

When viewed together, sections 523(a)(8)(A) and 507(a)(8)(A)(i) can be explained, in plain terms, as providing that any taxes due within the three year period prior to the petition date are not dischargeable. Courts commonly refer to this three year period as the "look-back" period. "Accordingly, pursuant to these two provisions, an income tax obligation of a debtor is not dischargeable if the last date on which a tax return could have been filed falls within three years of the date of the filing of the bankruptcy petition." *In re Resnick*, 52 B.R. 90, 92 (Bankr.Mass. 1985). Conversely, if the debtor files for bankruptcy after the three-year period, the debt is dischargeable. *Id. In re Molina*, 99 B.R. 792, 794 (S.D.Ohio 1988).

When calculating the three year period, an issue has arisen regarding prior bankruptcy cases of the debtor. The issue is whether the three year period should include the time a bankruptcy case was pending or should that time be excluded from the look-back period. Courts addressing this issue have reached different conclusions. The majority of courts hold that the period of time a prior bankruptcy case is pending will act to suspend the look-back period. The USA relies on theses cases for its position. See *In re Molina*, 99 B.R. 792 (S.D.Ohio 1988); *In re Florence*, 115 B.R. 109 (Bankr.S.D.Ohio 1990) and *Montoya v. United States*, 965 F.2d 554 (7th Cir.1992). These courts rely on 11 U.S.C. § 108(c), which acts to suspend the running of a period of limitations while the debtor's bankruptcy case is pending. Section 108(c) provides for an extension of statute of limitations for creditors when they are prevented from proceeding outside of the bankruptcy court due to bankruptcy stays.

In the present case, the parties agree that if the time the prior chapter 13 cases were pending suspends the running of the look-back period, the taxes due for 1988, 1989 and 1990 are not dischargeable and, if the prior bankruptcies do not suspend the look-back period, the taxes due for those years are dischargeable.

The debtors contend that the prior bankruptcy cases did not suspend the look-back period and, thus, the taxes for 1988, 1989 and 1990 are dischargeable. The debtors rely on *In re Gore*, 182 B.R. 293 (Bankr.N.D.Ala.1995) and *In re Turner*, 182 B.R. 317 (Bankr.N.D.Ala.1995).

The Bankruptcy Appellate Panel for the Sixth Circuit recently ruled on this specific issue in *Palmer v. Internal Revenue Service*, 228 B.R. 880 (6th Cir. BAP 1999). In *Palmer* the Panel addressed the same issue as before this court and held that any prior bankruptcy filings act to suspend the three year look-back period and stated " the Panel follows the majority of courts and holds that the provision for extending time in § 108(c) tolls the three-year look-back period in § 507(a)(8)(A)(i). The time in a prior bankruptcy is not included in determining whether a tax debt is due within three years before the filing of a bankruptcy petition." *Palmer* at 886.

Based upon the Sixth Circuit decision in *Palmer*, this court concludes that the time period when the debtors' prior bankruptcy filings were pending is not included in determining the look-back period and, therefore, the debtors' taxes for the years 1988, 1989 and 1990 are not dischargeable. A separate order shall be entered in accordance with this Memorandum of Decision.