In re Paul T. DEITZ, Debtor.

**UNITED STATES of America, Appellant,**

v.

**Paul T. DEITZ, Appellee.**

**Civ. A. No. 89–M–1800.**
**Bankruptcy No. 89–B–1885–E.**

United States District Court, D. Colorado.

May 10, 1990.

William G. Pharo, Asst. U.S. Atty., Mark S. Heroux, Sp. Asst. U.S. Atty., Denver, Colo., Justin L. Garrett, II, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellant.

John A. Cimino, John A. Cimino, P.C., Denver, Colo., for appellee.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

The government appeals from an order, 106 B.R. 236, confirming a Chapter 13 Plan over the objection that the plan did not provide for payment of a proof of claim filed by the Internal Revenue Service as a priority claim. The bankruptcy judge apparently concluded that the claim was not entitled to priority because it claimed taxes which were not assessed within 240 days of the filing of the Chapter 13 petition.

The record on appeal does not contain a transcript or a written opinion of the bankruptcy judge's reasoning. The debtor/appellee did not file a brief in this court, but the arguments of the debtor are a part of the record.

The relevant facts are in a stipulation. On September 28, 1987, based on an examination of debtor Paul F. Deitz's 1979, 1980, and 1982 federal income tax returns, the government assessed additional tax liabilities against him in the amount of $36,330.88. On March 29, 1988 (181 days after the assessment), Deitz filed a Chapter 7 bankruptcy petition. He received a discharge on September 19, 1988 and filed his Chapter 13 petition on February 14, 1989 (148 days after the Chapter 7 proceeding concluded). Deitz's Chapter 13 plan did not provide for the payment of the assessed taxes.

Under 11 U.S.C. § 523(a)(1), a debtor's income tax obligations are not dischargeable if those obligations come under 11 U.S.C. § 507(a)(7). Section 507 provides, in relevant part:

(a) The following expenses and claims have priority in the following order: ...

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days ... before the date of the filing of the petition, ...

In the Chapter 13 proceeding, Deitz maintained that the tax obligations were due more than three years before he filed either his Chapter 7 or Chapter 13 petitions, eliminating the applicability of Section 507(a)(7)(A)(i). Further, Deitz argued that Section 507(a)(7)(A)(ii) did not apply because the taxes were assessed 329 days

**794**

before the filing of his Chapter 13 petition: the Chapter 7 proceeding was filed 181 days after the assessments and the Chapter 13 case was filed 148 days after the Chapter 7 case concluded. The bankruptcy court agreed with Deitz, holding that the 240–day limitations period of Section 507(a)(7)(A)(ii) eliminated the non-dischargeability provisions of Section 523.

On appeal, the government argues that it may still maintain a claim under Section 507(a)(7)(A)(ii) because the debtor's filing of the Chapter 7 case suspended the running of the 240–day statutory period for the duration of the Chapter 7 case, pursuant to 11 U.S.C. § 108(c), and for six additional months after that case concluded, pursuant to 26 U.S.C. § 6503(b).

Although the bankruptcy court apparently agreed that the 240–day period was suspended for the duration of the Chapter 7 proceeding, it held that the period resumed running once that case concluded. The court held that Section 6503(b) did not give the government an additional six months after the conclusion of the Chapter 7 proceeding.

■ The bankruptcy court's interpretations of the relevant statutes are conclusions of law and are reviewable *de novo*. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir.1988). Those interpretations are incorrect.

■ The filing of the Chapter 7 case tolled the 240–day period. Title 11 U.S.C. § 108 provides, in relevant part:

(c) ... if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under ... 11 U.S.C. §§ 362, 922, [and] 1301, as the case may be, with respect to such claim.

In addition, 26 U.S.C. § 6503(b) provides, in relevant part:

(b) ... The period of limitations on collection after assessment prescribed in [11 U.S.C. § 6502, giving the United States six years after assessment to collect taxes] shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States, ... and for 6 months thereafter.

Thus, § 6503(b) applies a six-month extension after a proceeding is concluded. *In re Quinlan*, 107 B.R. 300 (Bkrtcy D.Colo. 1989); *In re Brickley*, 70 B.R. 113, 115 (9th Cir. BAP 1986). The bankruptcy court incorrectly ignored the effect of that statute on Section 108(c).

Since Deitz filed his Chapter 13 petition within six months of the conclusion of the Chapter 7 proceeding, the United States may benefit from Section 6503(b). The 240–day period established by Section 507 was tolled and extended by 11 U.S.C. § 108 and 26 U.S.C. § 6503. Thus, the taxes are not dischargeable.

Upon the foregoing, it is

ORDERED that the order of the bankruptcy court confirming the debtor's Chapter 13 plan is reversed.