**In re James WISE, Debtor.**

**Bankruptcy 90–40893M.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

Jan. 2, 1991.

Michael Knollmeyer, Jacksonville, Ark., for Debtor.

A.L. Tenney, N. Little Rock, Ark., trustee.

William Adair, Little Rock, Ark., for I.R.S.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On April 24, 1990, James Wise filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. The debtor's schedules listed the IRS as an unsecured creditor, without priority, with a claim of $12,959.21. On June 8, 1990, the United States of America, on behalf of the Internal Revenue Service (IRS), filed a proof of claim in the amount of $18,052.97, designating $13,-836.59 as a priority claim for unpaid taxes and $4,216.38 as a general unsecured claim for penalties. Also on June 8, 1990, the IRS filed an objection to confirmation alleging that the debtor's plan improperly classified the IRS's entire claim as unsecured and that a portion of the claim was a valid priority claim entitled to full payment under the plan as required by 11 U.S.C. § 1322(a)(2).

A hearing was held on the objection to confirmation, and the parties submitted the matter upon written stipulations and briefs. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (L), and the Court has jurisdiction to enter a final judgment in the case.

The relevant facts may be summarized from the petition and stipulation as follows. On October 21, 1987, the debtor and his former wife, Shirley Bryant, filed a chapter

13 petition, and the case was subsequently converted to chapter 7. A chapter 7 discharge was entered on October 6, 1989. On April 24, 1990, the debtor filed this chapter 13 petition.[1] The debtor's plan proposes to pay the trustee $180.00 per month for five years but proposes no payments to the IRS. The plan treats the entire federal tax liability as a general unsecured claim.[2]

The parties stipulated that the IRS's claim was for federal income tax liabilities for the years 1985 and 1986 as follows:[3]

| Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|
| 1985 | 6/09/86 | $ 970.07 | $ 868.57 |
| 1986 | 2/15/88 | 4,855.00 | 2,318.13 |

■ The issue before the Court is whether the debtor's previous bankruptcy case suspended the running of the three-year period of limitation set forth in 11 U.S.C. § 507(a)(7)(A)(i) for determining tax claim priority status in the debtor's current chapter 13 case.

For a chapter 13 plan to be confirmed, it must propose to pay, in full, any claim classified as a priority claim pursuant to 11 U.S.C. § 507, unless the creditor consents to different treatment. 11 U.S.C. § 1322(a)(2). *See* 5 *Collier on Bankruptcy* ¶ 1322.03 (15th ed. 1990). *In re Carter,* 74 B.R. 613, 615–16 (Bankr.E.D.Pa.1987); *In re Driscoll,* 57 B.R. 322, 327–28 (Bankr.W. D.Wis.1986).

Section 507 provides, in relevant part, as follows:

(a) The following expenses and claims have priority in the following order:

. . . .

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on . . . income . . .

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition[.]

A claim entitled to priority under section 507(a)(7) is also not subject to a discharge. 11 U.S.C. § 523(a)(1)(A).

■ Under the Internal Revenue Code, tax returns are due on April 15 of the year following the calendar year for which the tax is due. 26 U.S.C. § 6072(a). Therefore, the debtor's 1985 tax return was due April 15, 1986, and his 1986 tax return was due April 15, 1987. Regardless of when the taxes were assessed, payment was due at the same time as the returns. *See Hartman v. Lauchli,* 238 F.2d 881 (8th Cir. 1956).

During the pendency of the debtor's previous chapter 7 bankruptcy case, the automatic stay precluded the IRS from collecting the taxes then due. *See* 11 U.S.C. § 362(a)(6). The tax liabilities were not discharged by the debtor's chapter 7 discharge order since the returns had not been due more than three years. *See* 11 U.S.C. §§ 523(a)(1)(A), 507(a)(7)(A)(i).

The debtor argues that the IRS's claims for 1985 and 1986 are not entitled to priority status in his current chapter 13 case because the tax returns for both years were due more than three years prior to the filing of the chapter 13 petition. The

---

1. The debtor's former wife also filed a subsequent chapter 13 case in which the IRS objected to confirmation on the same basis as in this case. Judge Mary Davies Scott sustained the IRS's objection. *In re Bryant,* 120 B.R. 983, Bankr.L.Rep. (CCH) ¶ 73,659 (Bankr.W.D.Ark. 1990).

2. The plan provides for "pro-rata payment to unsecured creditors," although the debtor's schedules deny liability for any unsecured claims.

3. The debtor concedes that for the year 1987 the sums of $3,670.00 in taxes and $1,154.82 in interest are entitled to priority status.

IRS argues that, pursuant to 26 U.S.C. § 6503(b) and 11 U.S.C. § 108(c), the running of the three-year statutory period was suspended from the time the debtor's previous bankruptcy petition was filed until entry of his chapter 7 discharge, that the period of limitation had not expired when he filed his current petition, and that the 1985 and 1986 tax liabilities are, therefore, priority claims.

Section 108(c) of the Bankruptcy Code states, in relevant part, as follows:

> (c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Therefore, 11 U.S.C. § 108(c) extends the statutory period of limitation when creditors are unable to proceed outside the bankruptcy court due to the automatic stay provisions of 11 U.S.C. § 362. *See Brickley v. United States (In re Brickley)*, 70 B.R. 113, 115 (Bankr.9th Cir.1986).

A six-year statute of limitation for the collection of taxes is provided in 26 U.S.C. § 6502. However, 26 U.S.C. § 6503(b) and (i) extend the limitation period when a debtor is involved in a bankruptcy proceeding.

> (b) ... The period of limitations on collection after assessment ... shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States, ... and for 6 months thereafter.
>
> ....
>
> (i) ... The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—
>
> (1) for assessment, 60 days thereafter, and
>
> (2) for collection, 6 months thereafter.

The legislative history of section 108(c) clearly indicates the intent of Congress to activate 26 U.S.C. § 6503 to suspend the statute of limitation for tax collection during a taxpayer's bankruptcy case:

> In the case of Federal tax liabilities, the Internal Revenue Code suspends the statute of limitations on a tax liability of a taxpayer from running while his assets are in the control or custody of a court and for 6 months thereafter (sec. 6503(b) of the Code). The Amendment applies this rule in a title 11 proceeding. Accordingly, the statute of limitations on collection of nondischargeable Federal tax liability of a debtor will resume running after 6 months following the end of the period during which the debtor's assets are in control or custody of the bankruptcy court. This rule will provide the Internal Revenue Service adequate time to collect nondischargeable taxes following the end of the title 11 proceedings.

S.Rep. No. 989, 95th Cong., 2d Sess. 30–31 (1978), *reprinted in*, 1978 U.S.Code Cong. & Admin.News 5787, 5816–17. *See Brickley*, 70 B.R. at 115; *Wilkey v. Union Bank & Trust Co. (In re Baird)*, 63 B.R. 60, 62–63 (Bankr.W.D.Ky.1986).

Courts which have been presented with the issue of whether 11 U.S.C. § 108(c), in conjunction with 26 U.S.C. § 6503, also suspends the three-year period of limitation under 11 U.S.C. § 507(a)(7)(A)(i), have concluded that the three-year period is suspended during the pendency of a debtor's

bankruptcy proceeding. *Florence v. Internal Revenue Service (In re Florence)*, 115 B.R. 109, 111–12 (Bankr.S.D.Ohio 1990); *In re Quinlan*, 107 B.R. 300, 301 (Bankr.D. Colo.1989); *In re Ryan*, No. 88–B–07735–A, slip op. at 2–3 (Bankr.D.Colo. Dec. 15, 1989) (available at 1989 WESTLAW 155684); *Molina v. United States (In re Molina)*, 99 B.R. 792, 795–96 (S.D.Ohio 1988); *Brickley*, 70 B.R. at 115–16. *See also United States v. Deitz (In re Deitz)*, 116 B.R. 792, 794 (D.Colo.1990).

Because of his prior bankruptcy, the debtor's argument that the tax liabilities are not priority claims because they arose more than three years before the current petition was filed is inconsistent with legislative intent. In *Brickley*, the Ninth Circuit Bankruptcy Appellate Panel discussed the result such an interpretation would have:

> To follow the Debtors' argument would render the extension of the statute of limitations in Section 108(c) without meaning, since tax collectibility is obviously useless if the tax debt has been discharged. In addition, such a result would open the door to schemes of tax avoidance by debtors who could simply dismiss and refile their case after the expiration of the three-year period of nondischargeability. Since enforcement of the tax laws against delinquent tax debtors takes time, Congress, through section 523, intended to give the taxing authority at least three full years to pursue such debtors ... Congress did not intend to allow tax avoidance through bankruptcy by permitting the discharge of the debtor before the taxing authority has had a fair opportunity to collect taxes due.

*Brickley*, 70 B.R. at 115–16 (citations omitted).

Here, the automatic stay was in effect from the date the debtor and his former wife filed their petition, October 21, 1987, until the date their discharge order was entered, October 6, 1989, a period of twenty-three months and fifteen days. *See* 11

U.S.C. § 362(c)(2)(C). Pursuant to 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(b) and (i), the three-year statutory limitation of 11 U.S.C. § 507(a)(7)(A)(i) was suspended for the period of time the debtor's case was pending, plus six months. *See Molina*, 99 B.R. at 795; *Ryan*, slip op. at 3. By adding twenty-nine months and fifteen days to the dates the returns were due, the three-year limitation period had not expired for either the 1985 or 1986 tax liabilities when the debtor filed his current chapter 13 petition.

Therefore, the allowed claim of the IRS for taxes and interest for 1985, 1986, and 1987 is determined to be a priority claim pursuant to 11 U.S.C. § 507(a)(7)(A)(i).[4] The debtor's plan must be modified to pay the IRS's priority tax claim in full. 11 U.S.C. § 1322(a)(2). The IRS's objection to confirmation is sustained, and the debtor is granted twenty days to file a modified plan consistent with this opinion.

IT IS SO ORDERED.

---

**4.** The debtor currently has pending an objection to the amount of the IRS's claim. The amount of the priority claim cannot be determined until the objection is resolved.