**In re Gerald Neil LINDER, et al., Debtors.**

**Gerald Neil LINDER, et al., Plaintiffs/Appellants/Cross–Appellees,**

v.

**UNITED STATES of America, Defendant/Appellee/Cross–Appellant.**

**Civ. A. No. 90–K–2172.**
**Bankruptcy No. 90 B 162 D.**
**Adv. No. 90 C 372.**

United States District Court, D. Colorado.

April 30, 1992.

Arthur Lindquist–Kleissler, Denver, Colo., for plaintiffs/appellants/cross-appellees.

Karen Lynne Baker, Tax Div., Dept. of Justice, Washington, D.C., for defendant/appellee/cross-appellant.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This is an appeal and cross-appeal from a bankruptcy court ruling holding that the debtors, Gerald and Annette Linder, were not discharged from paying delinquent taxes for tax years 1982, 1983, and 1985, but that penalties for tax year 1985 were dischargeable. The debtors appeal the court's order as to the nondischargeability of the taxes, and the government appeals the order as to the dischargeability of penalties. I affirm in part and reverse in part.

### I. *Facts.*

The bankruptcy court entered its judgment on the following stipulated facts. In 1988, the Internal Revenue Service separately assessed the debtors for delinquent taxes for tax years 1982, 1983 and 1985. On July 18, 1988, the IRS made its first assessment for additional tax liability for the 1983 tax year. This was followed by two further assessments, for tax years 1982 and 1985, on September 28, 1988 and October 17, 1988, respectively.

On October 24, 1988, seven days after the last assessment, the debtors filed their first bankruptcy petition under Chapter 13 of the Code. That case was dismissed December 3, 1988. The debtors again filed for bankruptcy under Chapter 13 on December 20, 1988, and that case was also dismissed. On January 5, 1990, the debtors filed a third petition in bankruptcy, this time under Chapter 7, commencing this bankruptcy case.

The IRS then filed a proof of claim for income tax, penalties and interest for the tax years 1982, 1983, 1985, 1987 and 1988. On May 7, 1990, the debtors filed an adversary complaint, seeking a determination that the amounts for 1982, 1983 and 1985 were dischargeable. In an order dated September 7, 1990, the bankruptcy court ruled that the taxes and interest for these tax years were not dischargeable and were entitled to priority treatment under 11 U.S.C. 507(a)(7)(A). To reach this conclusion, the court ruled that the applicable limitations periods for collecting the delinquent taxes were tolled for the periods during which the debtors had commenced their first two bankruptcies, plus two additional six-month periods, as provided in 11

U.S.C. § 108(c) and 26 U.S.C. §§ 6503(b) and 6503(h).[1]

On September 28, 1990, the IRS requested clarification of the court's September 7 order since it did not address the dischargeability of the tax penalties assessed against the debtors. The IRS noted that the parties had reached a settlement on the penalties for the 1982 and 1983 tax years, but that a ruling was necessary as to the penalties for the 1985 tax year. On November 27, 1990, the bankruptcy court issued its order on the motion for clarification, holding that the penalty for 1985 was dischargeable because the tolling periods for tax assessment and collection did not apply to penalties. Both parties now appeal. Since the facts of this case are stipulated, I must determine *de novo* whether the bankruptcy court's legal conclusions are correct. *Citizens National Bank & Trust Co. v. Serelson (In re Burkart Farm & Livestock)*, 938 F.2d 1114, 1115 (10th Cir.1991); *United States v. Deitz (In re Deitz)*, 116 B.R. 792, 794 (D.Colo.1990).

## II. *Merits.*

### A. Nondischargeability of Taxes and Interest.

■ The first issue in this appeal is whether the bankruptcy court erred in holding that the tolling periods provided in 26 U.S.C. §§ 6503(b) and 6503(h) apply through § 108(c) of the Code to taxes entitled to priority under § 507(a)(7)(A)(ii) of the Code.[2] The debtors argue that this conclusion is incorrect because the 240-day limitation described in § 507 is not a statute of limitations, only an "eligibility period" relating to the nondischargeability of taxes. Therefore, the debtors conclude that § 108(c) of the Bankruptcy Code and §§ 6503(b) and 6503(h) of the Internal Revenue Code are inapposite. They rely on the bankruptcy court's decision in *In re Deitz*, 106 B.R. 236 (Bankr.D.Colo.1989).

In that case, the bankruptcy court reasoned that the time periods stated in § 507 were not statutes of limitation. "They are merely periods of time which measure the tax years for which a priority status will be given in a bankruptcy proceeding." *Id.* at 239. Therefore, the court concluded that these eligibility periods could not be extended by application of § 108(c) and the tolling provisions of the Internal Revenue Code.

The debtors candidly acknowledge that the court's ruling was overturned on appeal. *See In re Deitz*, 116 B.R. at 794. There the court rejected out-of-hand the assertion that the 240-day period was not extended by periods in which the debtor had initiated a prior bankruptcy. *Id.; see also In re Brickley*, 70 B.R. 113, 115 (Bankr. 9th Cir.1986); *In re Wise*, 127 B.R. 20, 22–23 (Bankr.E.D.Ark.1990); *In re Bryant*, 120 B.R. 983, 985 (Bankr.E.D.Ark. 1990); *In re Quinlan*, 107 B.R. 300 (Bankr. D.Colo.1989).

More recently, in *Stoll v. Internal Revenue Service (In re Stoll)*, 132 B.R. 782 (Bankr.N.D.Ga.1990), the court noted that

---

**1.** Section 6503(i) was redesignated as § 6503(h) as a result of 1990 amendments to the Internal Revenue Code. References in this opinion will reflect the current designation.

**2.** Under § 507(a)(7)(A)(ii) of the Code, allowed unsecured claims for income taxes are entitled to priority if they were assessed within 240 days before the date the debtor's bankruptcy petition was filed. 11 U.S.C. § 507(a)(7)(A)(ii).

Section 108(c) of the Code extends nonbankruptcy statutes of limitation for filing civil claims against the debtor during the time the debtor is in bankruptcy, provided that the nonbankruptcy limitations period did not expire before the debtor filed his bankruptcy petition. *Id.* § 108(c).

Sections 6503(b) and 6503(h) of the Internal Revenue Code establish that the limitations period for the assessment and collection of taxes is tolled when the assets of the taxpayer are in the control or custody of the court or when the taxpayer is in bankruptcy. In the latter case, § 6503(h) tolls the period for an additional 60 days for assessments and 6 months for collections. 26 U.S.C. §§ 6503(b), 6503(h).

Reading these sections together, the Internal Revenue Service's claims for delinquent taxes have priority in a bankruptcy case if they were assessed no more than 240 days before the debtor filed for bankruptcy. This 240-day period does not include periods in which the IRS can't assess or collect the taxes because the debtor earlier declared bankruptcy. These claims are excepted from discharge under § 523 of the Bankruptcy Code. 11 U.S.C. § 523(a)(1)(A).

the legislative history of § 108(c) indicated Congress' intent that the tolling provisions of the Internal Revenue Code apply to a parallel section of § 507. *See id.* at 785. It expressly rejected the debtor's reliance on the bankruptcy court's decision in *Deitz*, concluding that "it is analytically short-sighted to assume that the three year period of § 507(a)(7)(A)(i) has no other purpose than to measure a time period for which a priority will be given, and that it was mechanically incorporated into the dischargeability provisions of § 523 without reason." *Id.* Furthermore, the court concluded that "*Deitz*'s strict reading of § 108(c) defeats the purpose of that statute and of § 6503 of the Tax Code," because it would permit the debtors to "escape their tax liabilities by protecting their assets in bankruptcy until the statute of limitations expired." *Id.*

Notwithstanding the debtors' arguments to the contrary, the law in this and other jurisdictions is that the tolling periods provided in the Internal Revenue Code for the assessment and collection of taxes apply in bankruptcy proceedings. The bankruptcy court did not err in applying this law.

B. Dischargeability of Penalties.

■ The second issue in this appeal is whether the same tolling provisions for taxes apply to penalties assessed under the Internal Revenue Code. In its order on the government's motion for clarification, the bankruptcy court held they did not. The court relied on the Tenth Circuit's decision in *Roberts v. United States (In re Roberts)*, 906 F.2d 1440, 1445 (10th Cir.1990), which established that under § 523(a)(7) of the Code, "a tax penalty 'imposed with respect to a transaction or event that occurred before three years before' the bankruptcy petition is dischargeable in bankruptcy." The bankruptcy court recognized that *In re Roberts* and similar cases construing § 523(a)(7) did not involve a situation in which the debtor had commenced prior bankruptcies during the three-year

period. Nevertheless, it held that the same tolling provisions of the Internal Revenue Code applicable through § 108(c) with respect to taxes did not apply to penalties because penalties were not expressly mentioned in those provisions of the Internal Revenue Code or the Bankruptcy Code. Since tax penalties are only referenced in § 523(a)(7), the bankruptcy court concluded that Congress intended to accord them different treatment.

As the government points out in its brief, the bankruptcy court's conclusion that the tolling provisions §§ 6503(b) and 6503(h) do not expressly apply to penalties overlooks other sections of the Internal Revenue Code mandating that penalties be treated the same way as taxes for the purpose of assessment and collection. Section 6665(a)(1) of the Internal Revenue Code provides:

(a) *Additions treated as tax.*—Except as otherwise provided in this title—

(1) the additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes; and

(2) any reference in this title to "tax" imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

11 U.S.C. § 6665.[3]

Furthermore, in *In re Stoll*, the court held that §§ 6503(b) and 6503(h) also suspended the collection of penalties, since "the same policy implications are present with regard to the collection of tax penalties as are present with regard to the collection of the underlying taxes." 132 B.R. at 786; *see also In re Carter*, 74 B.R. 613, 617 (Bankr.E.D.Pa.1987) (making no distinction between taxes and penalties in considering applicability of § 6503 tolling periods). Thus, I reverse the bankruptcy court's ruling that the tolling provisions with respect to taxes do not apply to penal-

---

**3.** The version of this statute in effect for tax year 1985 was designated as 26 U.S.C. § 6662(a). References in this opinion are to the current version, which does not materially differ from the earlier version.

ties assessed against the debtors as a result of nonpayment of those taxes.

III. *Conclusion.*

The bankruptcy court's decision that the government's claims for delinquent 1982, 1983 and 1985 taxes were nondischargeable due to the tolling of certain time periods is in accord with the weight of authority and is affirmed. Its ruling that penalties for tax year 1985 were dischargeable overlooks statutory provisions entitling the government to assess and collect penalties in the same manner as taxes. Therefore, the same tolling provisions apply. The bankruptcy court's decision denying the dischargeability of the debtors' 1982, 1983 and 1985 delinquent taxes is AFFIRMED, and its decision discharging the penalties for tax year 1985 is REVERSED.