**In re Herbert and Elaine ACOSTA, Debtors.**

**Bankruptcy No. 93–25498–K.**

United States Bankruptcy Court, W.D. Tennessee, Western Division.

July 20, 1994.

William A. Cohn, Cordova, TN, for debtor.

William Siler, Asst. U.S. Atty., Memphis, TN, for IRS.

George W. Emerson, Chapter 13 Trustee, Memphis, TN.

## MEMORANDUM AND OPINION SEEKING TO MODIFY PLAN AND PROVIDE FOR IRS CLAIM

BERNICE BOUIE DONALD,
Bankruptcy Judge.

This cause came to be heard on the timely filed motion of the United States of America, a creditor acting through the Internal Revenue Service ("IRS"), seeking modification of the Debtor's[1] confirmed chapter 13 plan.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. Moreover, the Court finds that this matter is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

This Memorandum Opinion constitutes the Court's finding of fact and conclusions of law pursuant to F.R.B.P. 7052.

### FACTS

The facts are derived from both the oral stipulations of the parties and the Court's file.

On May 19, 1992, Debtor filed a chapter 7 case which was administered for 266 days and was discharged on February 9, 1993. Subsequently, Debtor filed a case under chapter 13 on May 24, 1993. Debtor's plan proposed to pay the IRS $20 per month over 60 months for a total of $1200. On or about July 8, 1993, the IRS filed a motion pursuant to 11 U.S.C. § 1329(a) for modification of the plan confirmed in the chapter 13 case.

In the instant case, the tax matters in dispute arise out of IRS assessments of additional tax liability against the Debtor for the 1983 and 1988 tax years. The tax liabilities for the 1983 period were assessed by the IRS on May 25, 1992. That assessment is the result of an audit of a limited partnership, "Ocean Springs Partners" ("Partnership"), of which Debtor was a limited partner. The audit was the direct consequence of the tax matters partner of said Partnership purporting to sign on behalf of all the partners a Form 872–0 consent to extend the period for assessing tax attributable to partnership items for the period which ended December 31, 1983.

The tax liabilities for the 1988 period were assessed by the IRS on April 27, 1992. This assessment was the result of a distribution from a retirement account that was taken by Debtor and not reported as income.

The IRS alleges that it has an allowed claim of $13,338.37 for pre-petition tax liabilities and/or post-petition tax liabilities pursuant to 11 U.S.C. § 1305(a)(1).

### ISSUES

The issues for judicial determination are as follows:

1. Whether a tax liability may be imposed upon a limited partner as a result of the tax matters partner purportedly extending the period of limitations for assessment of taxes attributable to items of that partnership?

2. Whether the filing of a chapter 7 petition suspends the running of the 240-day period for determining tax claim priority status provided by 11 U.S.C. 507(a)(7)(A)(ii)?

### DISCUSSION

1. Whether a tax liability may be imposed upon a limited partner as a result of the tax matters partner purportedly extending the period of limitations for assessment of taxes attributable to items of that partnership?

The IRS contends that the 1983 assessment was a timely assessment in spite of the

[1]. The Court shall refer to Herbert and Elaine Acosta jointly and severally as the "Debtor."

three (3) year period of limitations imposed by 26 U.S.C. § 6229(a). The IRS relies on 26 U.S.C. § 6229(b)(1)(B) in alleging that the tax matters partner of the Partnership is statutorily authorized to extend the period of limitation for assessing a tax imposed by subtitle A of the Internal Revenue Code with respect to the Debtor, a limited partner, attributable to the Partnership. (Trial Ex. 1). The term "tax matters partner" is defined in 26 U.S.C. § 6231(a)(7). Section 6231(a)(7) states that:

(7) **Tax matters partner.** The tax matters partner of any partnership is—

(A) the general partner designated as the tax matters partner as provided in regulations, or

(B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing).

If there is no general partner designed under subparagraph (A) and the Secretary determines that is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner.

In the instant case, the Debtor does not dispute that the individual who signed the Form 872–0 consent was the tax matters partner. Thus, the only question posed to the Court regarding the May 25, 1992 assessment is one of timeliness.

■ The general rule limiting the period during which a partnership may be assessed provides that any assessment must be made within 3 years after the return for such tax is filed. 26 U.S.C. § 6229(a). Section 6229(a) states that:

(a) **General Rule.**—Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of—

(1) the date on which the partnership return for such taxable year was filed, or

(2) the last day for filing such return for such year (determined without regard to extension).

However, Title 26 U.S.C. § 6229(b)(1)(B) states that period may be extended with respect to all partners by an agreement entered into by the Secretary and the tax matters partner. Section 6229(b)(1)(B) states, in pertinent part, that:

(b) **Extension By Agreement**

(1) In General.—The period described in subsection (a) (including an extension period under this subsection) may be extended—

(B) with respect to all partners, by an agreement entered into by the Secretary and the tax matters partner (or any other person authorized by the partnership in writing to enter into such an agreement), before the expiration of such period.

■ Debtor nevertheless contends that the consent was ineffective and the 1983 assessment was untimely. The consent was ineffective, argues Debtor, because there was no signed power of attorney whereby Debtor gave the tax matters partner to sign such an extension. This argument is without merit. Since the power of the tax matters partner is statutorily authorized, it is incumbent upon the Debtor to show a limitation of that authorization. The Debtor has failed to produce any documentation which would suggest that the tax matters partner's authority was limited in any way. Further, there is nothing in Section 6229(b) or the legislative history of subchapter C which suggests that the tax matters partner in this cause was limited in authority to extend the period of limitations for assessment of taxes attributable to items of the Partnership. Thus, it follows that tax liability may be imposed upon the Debtor as a result of the tax matters partner of the Partnership extending the period of limitations for assessment of taxes attributable to items of the Partnership.

2. Whether the filing of a Chapter 7 petition suspends the running of the 240–day period for determining tax claim priority status provided by 11 U.S.C. 507(a)(7)(A)(ii)?

■ The United States Bankruptcy Code sets forth certain types of unsecured claims

that are entitled to priority in distribution over other unsecured claims. The IRS argues that its claim regarding the assessment for the 1988 tax year is entitled to priority status as provided by section 507(a)(7)(A)(ii). Section 507(a) states, in pertinent part, that:

(a) The following expenses and claims have priority in the following order:

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition ...

In the instant case, in order for this tax claim to be entitled to priority treatment, the tax must have been assessed within *240 days* of the petition date of May 24, 1993.

Query, did the assessments take place within the statutory 240–day period?

The IRS points out that during the pendency of Debtor's prior Chapter 7 case, Debtor's assets were protected by the automatic stay of 11 U.S.C. § 362(a). Consequently, during the period of time between March 19, 1992 and February 9, 1993, the IRS could take no action to compel Debtor to pay the applicable tax obligations for the 1988 tax year. The IRS contends that the running of the 240–day period was tolled by the automatic stay during the 266 day pendency of the Debtor's Chapter 7 case, and the tax therefore is entitled to priority status.

*In re Deitz*, 116 B.R. 792 (D.Colo.1990), has facts quite similar to the instant case and is directly on point regarding the issue before the court. On September 28, 1987, based on an examination of the debtor's 1979, 1980, and 1982 federal income tax returns, the government assessed additional tax liability. 116 B.R. at 793. On March 29, 1988 (181 days after the assessment), the debtor filed a chapter 7 bankruptcy petition. 116 B.R. at 793. He received a discharge on September 19, 1988, and filed his chapter 13 petition on February 14, 1989 (148 days after

the chapter 7 proceeding concluded). The debtor's chapter 13 plan did not provide for the payment of the assessed taxes. 116 B.R. at 793. The U.S. District Court in *Deitz*, allowed the IRS to maintain a claim under Section 507(a)(7)(A)(ii). The Court held that the debtor's filing of a Chapter 7 case suspended the running of the 240–day statutory period for the duration of the Chapter 7 case. In making this determination, the Court looked to 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(b). Title 11 U.S.C. 108(c) provides, in relevant part:

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

In addition, 26 U.S.C. § 6503(b) provides, in relevant part:

(b) Assets of taxpayer in control or custody of court.

The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States or of any State or of the District of Columbia, and for 6 months thereafter.

The Court held that since the debtor filed his chapter 13 petition within six months of the conclusion of the chapter 7 proceeding, the United States may benefit from Section 6503(b). 116 B.R. at 794. The 240–day peri-

od established by Section 507 was tolled and extended by 11 U.S.C. § 108 and 26 U.S.C. § 6503. 116 B.R. at 794. Thus, the debtor received no discharge for the taxes.

As · set forth previously, Section 507(a)(7)(A)(ii) accords priority status to taxes that were assessed within 240–days of the petition's filing. Where a bankruptcy is filed within that period, courts have consistently followed the logic of the District Court in *Deitz* by considering the running of that period to be suspended under Section 108(c) as a statute of limitations. *See, e.g., In re Linder,* 139 B.R. 950 (D.Colo.1992) (holding that 26 U.S.C. §§ 6503(b) and (h) apply to the Bankruptcy Code through 11 U.S.C. § 108(c), thereby tolling the 240–day assessment period in 11 U.S.C. § 507(a)(7)(A)(ii)); *In re Brickley,* 70 B.R. 113 (9th Cir. BAP 1986) (holding that 11 U.S.C. § 108(c) in conjunction with 26 U.S.C. § 6503 suspended the three-year tax collection period in § 11 U.S.C. § 507(a)(7)(A)(i) while the debtor's assets were protected by the bankruptcy court); *In re Molina,* 99 B.R. 792 (Bankr. S.D.Ohio 1988) (holding that the three-year period in 11 U.S.C. § 507(a)(7)(A)(i) was suspended by the filing of the first bankruptcy petition); *In re Grogan,* 158 B.R. 197 (Bankr. E.D.Cal.1993). Under this line of authority, the IRS's claim for the 1988 taxes is clearly entitled to priority status. The tax was assessed well within *240 days* of the petition date of May 24, 1993. Although the debtor's attorney is to be credited for noting the equitable concerns posed against a debtor being subject to multiple assessments, this Court must note that the Bankruptcy Court can only exercise whatever equitable powers it has within the confines of the Bankruptcy Code. *In re Middleton Arms, et al.,* 934 F.2d 723 (1991). Accordingly, the Court holds that the IRS's claim retains its priority status and the debtor's objection to the claim is denied.

### CONCLUSION

For all the reasons stated above, this Court finds that tax liability may be imposed upon the Debtor as a result of the tax matters partner of the Partnership extending the period of limitations for assessment of taxes attributable to items of the Partnership for the 1983 tax period. Further, this Court finds that the IRS's claim for the 1988 taxes tax was assessed well within *240 days* of the petition date of May 24, 1993 and is clearly entitled to priority status.

**IT IS SO ORDERED.**