**Herbert and Elaine ACOSTA, Debtors/Appellants,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

No. 94–3073–G/A.

United States District Court, W.D. Tennessee, Western Division.

April 19, 1995.

William A. Cohn, Cordova, TN, for plaintiffs.

Veronica Coleman, U.S. Atty. by Carol P. Lenhart, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

GIBBONS, Chief Judge.

Before the court is the appeal of debtors Herbert and Elaine Acosta from a bankruptcy court order finding that an assessment of tax liability was timely and that the IRS claim against debtors is entitled to priority status. For the following reasons, the court affirms both holdings of the bankruptcy court.

On May 19, 1992, debtors filed a Chapter 7 bankruptcy petition. This case was discharged on February 9, 1993. Debtors then filed a Chapter 13 bankruptcy petition on May 24, 1993. The IRS subsequently filed a motion pursuant to 11 U.S.C. § 1329(a) to modify the plan confirmed in the Chapter 13 case. The bankruptcy court granted the government's motion on July 20, 1994.

This appeal presents two issues: (1) whether the IRS assessment of debtors' tax liability for the 1983 tax year is invalid because it was made more than three years after the return for that year was filed; and (2) whether the IRS claim is entitled to priority status. The bankruptcy court held that (1) the assessment for 1983 was not time-barred because a valid extension of the statutory time period had been executed; and (2) the IRS claim is entitled to priority status because the applicable time limit was tolled during the pendency of debtors' Chapter 7 case. For the following reasons, the court affirms the holdings of the bankruptcy court.

1. *Timeliness of 1983 Tax Assessment.* Debtors' tax liability for 1983 was assessed by the IRS on May 25, 1992. This assessment was the result of an audit of Ocean Springs Partnership, a limited partnership of which Herbert Acosta was a limited partner. Debtors contend that this assessment is invalid because it was made outside the applicable statute of limitations.

The limitations period for assessing any income tax attributable to a partnership generally expires three years after the partnership files its return for the tax year in question. 26 U.S.C. § 6229(a). This limitations period can be extended, however, by an agreement between the Secretary and the tax matters partner or "any other person authorized by the partnership in writing to

enter into such an agreement." § 6229(b)(1)(B).[1]

In the present case, the bankruptcy court found that the tax matters partner for the Ocean Springs Partnership signed Form 872–0, providing consent to extend the period for assessing tax attributable to partnership items for the period which ended December 31, 1983. Debtors first contend that this finding is unsupported by the evidence because the IRS never submitted such a form into evidence at trial, but relied only on an unsigned computer printout. The IRS disputes debtors' account and states that the actual Form 872–0 was submitted as evidence in the trial.

■ As appellants, debtors carry the burden of presenting the court with an adequate record. *In re Sasson Jeans, Inc.*, 90 B.R. 608, 612 (S.D.N.Y.1988); 9 *Collier's on Bankruptcy* ¶ 8006.04 (15th ed.1995). Although debtors designated the transcript of the bankruptcy court proceeding as part of the record on appeal, it appears they never ordered a copy of the transcript, as required by Bankruptcy Rule 8006.[2] Accordingly, debtors fail to carry their burden of proving that the bankruptcy court's finding that Form 872–0 was signed was clearly erroneous. *See In re Eads*, 69 B.R. 730, 734 (9th Cir. BAP 1986) ("Absent a transcript, it is impossible to determine if the trial judge's conclusion ... was clearly erroneous. Therefore, we have no choice but to affirm on this point."), *aff'd in part, rev'd in part on other grounds*, 839 F.2d 1352 (9th Cir.1988); *In re Payeur*, 22 B.R. 516, 519 (1st Cir. BAP 1982) (finding that appellant did not meet burden of proving bankruptcy court's finding was clearly erroneous where record did not contain transcript of hearing); 9 *Collier's* at ¶ 8006.05 ("If the [a]ppellant wishes to urge that a finding or conclusion is unsupported

by the evidence, a transcript of all evidence relevant to such findings or conclusion must be included.").

■ Debtors further contend that the tax matters partner's consent cannot extend the time for assessing their liability because (1) the debtors themselves never agreed to an extension of the time period; and (2) the debtors never gave the tax matters partner power of attorney authorizing him to sign such an extension. These arguments, however, are without merit. The statute clearly provides that consent executed by a tax matters partner is effective with respect to all partners. 26 U.S.C. § 6229(b)(1)(B); *Cambridge Research & Dev. Group v. Commissioner of Internal Revenue*, 97 T.C. 287, 292, 1991 WL 169192 (Tax Ct.1991). The tax matters partner's authority to extend the time period arises from the statute and does not depend upon either the express consent of individual partners or upon the execution of a power of attorney. The burden is therefore on debtors to establish that the tax matters partner's authority was limited in some way. As debtors offer no such evidence, the bankruptcy court correctly held that the time period for making assessments had been extended, and the IRS claim is valid.

■ *2. Priority Status of Claim.* The IRS originally assessed debtors' tax liability for 1988 on or about the same date the return was filed. The IRS subsequently became aware of additional unreported income received by Herbert Acosta from a retirement account distribution and thus conducted a second assessment on April 27, 1992.

The bankruptcy court held that the IRS claim for additional taxes resulting from this

---

1. 26 U.S.C. § 6229(b)(1)(B) provides:

> (b) Extension by Agreement.—
> (1) In general.-The period described in subsection
> (a) (including an extension period under this subsection) may be extended—
> (A) with respect to any partner, by an agreement entered into by the Secretary and such partner, and
> (B) with respect to all partners, by an agreement entered into by the Secretary and the tax matters partner (or any other person autho-

rized by the partnership in writing to enter into such an agreement),
> before the expiration of such period.

2. Rule 8006 provides in pertinent part:

> If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost.

second assessment is entitled to priority status. The bankruptcy code provides that:

(a) The following expenses and claims have priority in the following order:

(1) ...

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts-

(i) ...

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition.

11 U.S.C. § 507.[3]

In the present case, the tax at issue was assessed more than 240 days before May 24, 1993, the date debtors filed their Chapter 13 petition. The filing of a Chapter 7 petition, however, suspends the running of the 240–day period. *See In re Linder,* 139 B.R. 950, 952 n. 2 (D.Colo.1992) (noting that 240–day period does not include periods in which IRS is unable to assess or collect taxes because debtor has declared bankruptcy); *In re Deitz,* 116 B.R. 792, 794 (D.Colo.1990) (holding that running of 240–day period is suspended for duration of Chapter 7 case and an additional six months, pursuant to 26 U.S.C. § 6503(b)). *See also In re Molina,* 99 B.R. 792, 795 (S.D.Ohio 1988) (finding that filing of Chapter 13 bankruptcy petition suspended running of three year period for determining priority status prescribed in § 507(a)(7)(A)(i)). Debtors filed a Chapter 7 bankruptcy petition on May 19, 1992. This case was not discharged until February 9, 1993. The bankruptcy court therefore correctly determined that the assessment of April 27, 1992 occurred well within 240 days of debtors' May 24, 1993 Chapter 13 peti-

---

**3.** The 1994 revision of this section is not applicable, as the case commenced before October 22, 1994.

**4.** Debtors contend that running of the 240–day period should not be suspended during pendency of the Chapter 7 case because (1) the IRS is guilty of laches in that it never filed a motion to

tion.[4] Accordingly, the court affirms both holdings of the bankruptcy court.

IT IS SO ORDERED.

lift the automatic stay; and (2) the IRS violated the stay by continuing to process the limited partnership's tax return throughout the period in which the stay was in effect. Debtors fail to offer any authority in support of these arguments, however, and the court finds no merit to either contention.