In re Robert Erwin PATTALOCHI, Debtor.

No. 00–10413.

United States Bankruptcy Court, D. Wyoming.

Sept. 17, 2001.

Craig L. Clayton, Casper, WY, for debtor.

Mark R. Stewart, Cheyenne, WY, trustee.

### ORDER ON OBJECTION TO CLAIM OF INTERNAL REVENUE SERVICE

PETER J. McNIFF, Bankruptcy Judge.

The objection of the debtor, Robert E. Pattalochi, to the proof of claim filed by the United States Department of the Treasury, Internal Revenue Service (IRS) and the United States' Request for Summary Denial of the objection are before the court on the submissions of the parties. The court concludes there is no genuine issue of material fact and judgment is appropriate as a matter of law.

The debtor, having initially objected to the manner in which the IRS applied previous payments to his federal tax debt, now concedes that the payments were applied in accordance with the provisions of a prior confirmed chapter 13 plan and the trustee's disbursements under that plan. He also concedes, in response to a Request for Admission, that the value of the assets securing the IRS claim is correctly stated in the Amended Proof of Claim filed April 5, 2001 by the IRS.

#### Jurisdiction

The court has jurisdiction over this contested matter pursuant to 28 U.S.C.

§§ 1334 & 157(a)(2)(B) and 11 U.S.C. § 505(a).

## Issue

The issue remaining for the court's resolution is: whether the three-year period of 11 U.S.C. § 507(a)(8), which determines priority status of the claim for the debtor's 1993 and 1994 federal income tax liability, is suspended for the time period during which the debtor's prior chapter 13 bankruptcy case was pending.

## Undisputed Facts

Robert Pattalochi has filed two chapter 13 cases. On June 2, 1995, he filed the first chapter 13 case. He made payments under a confirmed chapter 13 plan until ill health and financial problems caused him to default. On December 3, 1998, the first chapter 13 case was dismissed.

This case was filed November 7, 2000. In its amended proof of claim, filed April 5, 2001, the IRS states a priority claim for the year 1993 income taxes, together with prepetition interest, in the total amount of $8,886.27 and for the year 1994 income taxes, together with prepetition interest, in the total amount of $39,106.97. The 1993 and 1994 tax returns were both due more than three years prior to the filing of this second chapter 13 case.

The debtor's 1993 income tax return was due April 15, 1994. From that date to the filing of the prior case, 413 days elapsed. The 1994 income tax return was due April 17, 1995. Forty-six days elapsed before the prior case was filed. Between the dismissal of the first case and the filing of the second case, 705 days elapsed.

## Conclusions of Law

Under 11 U.S.C. § 507(a)(8)(A)(i), income taxes are entitled to priority claim treatment if the return for a particular tax year is last due three years before the date of the bankruptcy petition filing. A strict application of that provision would make the debtor's federal income taxes due for the 1993 and 1994 tax years nonpriority, unsecured claims. However, the IRS seeks priority status and contends the three-year provision was tolled during the period of the debtor's prior chapter 13 case.

*1994 Taxes*

In the case of *In re Richards*, 994 F.2d 763 (10th Cir.1993), the Tenth Circuit Court of Appeals ruled that the bankruptcy court's equitable authority found in § 105(a) suspends the 240–day assessment period under § 507(a)(7)(A)(ii) (now enacted as § 507(a)(8)(A)(ii)). The court cited with approval cases from other courts adopting the same rule with regard to § 507(a)(7)(A)(i) (now enacted as § 507(a)(8)(A)(i)). *See, e.g., In re Molina*, 99 B.R. 792 (S.D.Ohio 1988).

Dr. Pattalochi argues that an equitable analysis under § 105 requires consideration of his particular circumstances. He contends his previous illness and financial hardship prevented him from paying the tax claims in full in his prior case, and therefore, equity requires a result in his favor. He also argues the IRS had an affirmative duty to bring an action to determine the priority of its claim, which it failed to do.

The debtor supports his argument with citation to several cases from the Fifth Circuit including *U.S. v. Gilmore*, 226 B.R. 567 (E.D.Tex.1998) in which the district court refused to toll the provisions of § 507(a)(8). In that case, the court placed the burden of seeking a declaration of nondischargeability on the IRS, to its detriment. *Id.* at 576; *see, also, In re Quenzer*, 19 F.3d 163 (5th Cir.1993).

The ruling in *Gilmore* is not applicable here. First, that case was a chapter 7 case in which dischargeability was at issue. Here, an adversary proceeding is not re-

quired to resolve a claim dispute, and the IRS properly filed a proof of claim setting forth its position on the priority of the taxes. Second, the court does not understand why the debtor's failure to pay his previous plan should preclude the IRS from having the full three-year collection period of § 507(a)(8)(A)(i).

In *Richards*, the Tenth Circuit court did not consider factors subjective to the parties. Rather, it applied § 105 for tolling purposes as a matter of law, ruling that the IRS was entitled to receive the full 240–day assessment period, despite bankruptcy action taken by the debtor.

This court agrees with and is bound by the rule in *Richards*. In this case, if the three-year period is suspended during the time of the debtor's previous chapter 13 case, 751 days (two years and 21 days) elapsed between the time the 1994 return was due and the filing of this chapter 13 case. That period is less than three years, and the claim for the 1994 income taxes is entitled to priority status in this case.

*1993 Taxes*

■ The 1993 taxes present a slightly different issue which has not been addressed by the Tenth Circuit Court of Appeals. The number of days from the due date of the 1993 tax return to the date of the prior chapter 13 case (413 days), plus the days between the dismissal of the first case and the filing of the second case (705 days), totals 1,118 days (three years and 22 days). Even by suspending the three-year period during the period of the prior chapter 13 case, the 1993 taxes would not be entitled to priority status.

Consequently, the IRS urges the court to rule that 11 U.S.C. § 108(c) incorporates the collection suspension provisions of the Internal Revenue Code (IRC) found in 26 U.S.C. § 6503, thereby extending the three-year period of § 507(a)(8) for the period of the prior bankruptcy, plus six months. That approach was adopted by the Ninth Circuit Court of Appeals in the case of *In re West*, 5 F.3d 423 (9th Cir. 1993), *cert. denied*, 511 U.S. 1081, 114 S.Ct. 1830, 128 L.Ed.2d 459 (1994), even though the literal language of § 108(c) does not support such a conclusion.

Under § 108(c), "if applicable nonbankruptcy law . . . fixes a period for commencing . . . a civil action . . . on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until . . . the end of the period, including any suspension of such period occurring on or after the commencement of the case." The IRC, in § 6503(h), provides for a suspension of collection against delinquent taxpayers for the period during which a bankruptcy case is pending, plus an additional six months.

The court in *West* recognized that the three-year period of § 507(a)(8)(A)(i) is not "applicable nonbankruptcy law." Nevertheless, the court explicitly ignored the plain language of the statute in order to adopt a policy favoring tax collection. *Id.* at 426. A similar result was reached without much discussion by the United States District Court for the District of Colorado in the case of *In re Linder*, 139 B.R. 950, 953 (D.Colo.1992).

The Fifth Circuit Court of Appeals rejected such a strained reading of § 108(c) in *In re Quenzer*, 19 F.3d at 163. As noted previously, the *Quenzer* court also refused to apply § 105(a) for want of evidence necessary to make an equitable assessment. *Id.; see, also, In re Pastula*, 203 B.R. 941 (Bankr.E.D.Mich.1997) (adopting plain reading of the statute).

Other courts have discussed other possible interpretations of § 108(c) including whether "applicable nonbankruptcy law" could be read as referring to 26 U.S.C.

§ 6503(h). Because § 6503 is a tolling provision rather than a statute of limitation, such reasoning is similarly imprecise. *See In re Gore,* 182 B.R. 293, 302–305 (Bankr.N.D.Ala.1995).

This court declines to adopt the strained reading of § 108(c) urged by the IRS, and holds that § 108(c) does not permit incorporation of § 6503 into the time periods of § 507(a)(8). Even by suspending the three-year time period of § 507(a)(8)(A)(i) during the time of Dr. Pattalochi's prior chapter 13 case, the three-year period was exceeded prior to the filing of this case. Therefore, the 1993 federal income taxes are not entitled to priority claim status.

IT IS, THEREFORE, ORDERED that the debtor's objection to the claim of the IRS is granted in parted and overruled in part; and further

ORDERED that the IRS claim for 1993 federal income taxes in the amount of $8,886.54 is allowed as a general unsecured claim, and the claim for 1994 federal income taxes in the amount of $39,106.97 is allowed as a priority unsecured claim under § 507(a)(8).