**In re MARQUEE TELEVISION NETWORK, INC.**

Civ. No. 87–5436.
Bankruptcy No. 85–5572.

United States District Court,
E.D. Pennsylvania.

April 3, 1989.
On Motion for Reconsideration
April 24, 1989.

Kevin Carey, Bala Cynwyd, Pa., for debtor.

Douglas H. Weiss, Philadelphia, Pa., for Creditors' Committee.

James M. Peck, Philadelphia, Pa., for Fidelity Bank.

## MEMORANDUM ORDER

LOUIS H. POLLAK, District Judge.

Appellant Pincus, Verhin, Bluestein, Hahn & Reich, counsel to the Official Creditors' Committee, appeal an Order of Bankruptcy Judge David Scholl awarding it final compensation and reimbursement for legal services in the above bankruptcy action. After notice and hearing of appellant's unopposed petition for fees and expenses, Judge Scholl ordered $25,698.25 as the final compensation for services rendered and $47.05 as the final reimbursement of costs.[1] Appellant's application for fees and expenses requested $28,661.50 in fees and $539.08 in expenses.

■ Appellant contends that Judge Scholl's reductions of both its requested fees and costs were clearly erroneous. However, the Certificate of Appeal from the order includes only the final one-page Order by Judge Scholl summarizing the award; it indexes—but fails to include— the transcript of the July 29, 1987 hearing before Judge Scholl addressing appellant's application for fees and reimbursement. In response to requests from my chambers in both September 1988 and December 1988, appellant represented that it had intended to provide a transcript and that one was forthcoming. No transcript has been provided. With the record thus incomplete, appellant has not demonstrated that there is any error, let alone clear error, in the judgment below.

Accordingly, that judgment is AFFIRMED.

## ON MOTION FOR RECONSIDERATION

Appellant Pincus, Bressler, Hahn, Reich & Weinberg move for reconsideration of the Order of this court entered April 4, 1989 affirming an Order of the Bankruptcy Judge awarding appellant final compensation and reimbursement for representing the Official Creditor's Committee in the above bankruptcy action. The Bankruptcy Judge had awarded appellants $2,963.25 less in fees and $492.03 less in costs than appellant had requested in its unopposed fee application to the Bankruptcy Court.

■ As stated in the April 4 Order, appellants had failed, despite two requests from my chambers over the last six months, to provide a transcript of the hearing before the Bankruptcy Court, rendering impossible any determination of whether the reduction was erroneous. With their motion for reconsideration, appellants, for the first time, provide a copy of the two-page transcript of the hearing before the Bankruptcy Judge. The transcript does not reveal any discussion of any reductions to the requested fees and costs, nor does it state any reasons for a reduction. Thus, even with a complete record on appeal, the reasoning behind the Bankruptcy Court's decision remains unclear. Absent any justification for the reduction of fees and costs, I will vacate the fee order and remand this matter to the Bankruptcy Court for further findings of fact.

Accordingly, it is hereby ORDERED and DIRECTED that the appellant's motion for reconsideration is GRANTED; the Order entered April 4, 1989 affirming the Order of the Bankruptcy Court is VACATED; and the Order of the Bankruptcy Court is VACATED and REMANDED to the Bankruptcy Court for further findings of fact.

---

1. There has also been no opposition to this appeal.