**Patricia HORNICK, Appellant,**

v.

**INTERNAL REVENUE SERVICE, Appellee.**

**No. 00–214.**
**Bankruptcy No. 98–26847–BM.**
**Adversary No. 98–2495–BM.**

United States District Court, W.D. Pennsylvania.

May 25, 2000.

---

4. Atlas does not assert that the fraud exception applies.

Robert R. Druzisky, Beaver, PA, Rebecca Ross Haywood, Assistant United States Attorney, Angelo A. Frattarelli, U.S. Department of Justice, Washington, DC, Edward J. Laubach, Jr., Internal Revenue Service, Pittsburgh, PA.

## MEMORANDUM OPINION

LEE, District Judge.

This is an appeal from an order of the Bankruptcy Court dated November 22, 1999, holding that the imposition of liability by the Internal Revenue Service upon the appellant, Patricia Hornick, in the amount of $87,614.76 as a responsible person pursuant to 26 U.S.C. § 6672(a) is proper and that the liability of the appellant in that regard is excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(A).

Essentially, the appeal challenges the factual findings which form the underpinning of the Bankruptcy Court's determination that appellant was a responsible person. Specifically, the appellant asserts, "There is no evidence in the record to support a finding that the [appellant] was responsible for the payment of current withholding taxes." (Brief of the appellant, p. 4)

In its determination that appellant was a responsible person, the Bankruptcy Court found that: (i) that the appellant, in her capacity as the payroll/disbursement clerk for her employer, Nesmith Cleaning Co., was responsible for, *inter alia*, submitting payroll figures to employer's payroll service and paying its bills; (ii) although the appellant did not have check-signing authority over her employer's checking account, she was authorized to use a rubber stamp bearing the signature of the company's President for that purpose; (iii) the appellant was aware of her employer's prior tax problems and its operation under an installment agreement which required it to make monthly payments to the Internal Revenue Service on account of overdue

payroll tax liabilities; (iv) the appellant was required by her employer to make monthly installment payments to the Internal Revenue Service under the installment agreement; and (v) appellant was authorized to use the rubber signature stamp in order to pay her employer's current payroll taxes.

Additionally, on the issue of control of the appellant over the employer's checking account, the Bankruptcy Court found that in 1990 and 1991, the appellant embezzled approximately $33,000 when she knew that the employer owed pastdue trust fund employment taxes. The Bankruptcy Court also noted that after appellant was terminated by her employer, she entered a plea of no contest to felony counts of theft and receiving stolen property in August of 1991, for which she received a minimum sentence of two months.

Based on those findings of fact, the Bankruptcy Court determined that appellant was a responsible person under § 6672 of the Internal Revenue Code and that she willfully failed to make the required payments of her employer's current payroll taxes.

As stated previously, the Bankruptcy Court also found that the appellant's liability was excepted from discharge by virtue of 11 U.S.C. § 523(a)(1)(A).

### Discussion

■ On appeal from an order of the Bankruptcy Court, the district court must apply the clearly erroneous test to factual findings and plenary review to questions of law.

■ Moreover, mixed questions of law and fact must be divided into the respective components and the appropriate test applied. *In re Brown,* 951 F.2d 564 (3d Cir.1991).

■ The Court notes that the appellant has failed to comply with Bankruptcy Rule 8006 in that she has failed to file an adequate record and therefore, has failed to meet her burden of showing that the Bankruptcy Court's findings of fact are clearly erroneous. At the hearing/argument on the appeal, counsel for the appellant reported that while he had filed a written request for the transcript and sent a notice to appellant to forward the necessary funds to pay for same, she has failed to do so and therefore, no transcript has been furnished to the Court in support of her appeal.

Therefore, the Court finds that with the record thus incomplete, appellant has not demonstrated that the challenged findings of fact of the Bankruptcy Court are clearly erroneous or that the challenged conclusions of law reached by that court are contrary to law. *The 220 Partnership v. Eisenberg,* 1991 WL 61160 (E.D.Pa.1991); *Zimmerman v. Campbell (In re Murphy Worldwide Transportation Services, Inc.),* 1990 WL 79224 (E.D.Pa.1990); *In re Marquee Television Network, Inc.,* 98 B.R. 191 (E.D.Pa.1989), *vacated on other grounds; In re Sasson Jeans, Inc.,* 90 B.R. 608, 612 (S.D.N.Y.1988); *In re Payeur,* 22 B.R. 516, 519 (1st Cir. BAP 1982); 9 Collier's on Bankruptcy § 8006.04 (15th ed.1995); 9 Collier's at ¶ 8006.05 ("If the [a]ppellant wishes to urge that a finding or conclusion is unsupported by the evidence, a transcript of all evidence relevant to such findings or conclusion must be included.").

### Conclusion

Upon review of the record and considering the failure of the appellant to properly meet her obligation to present the Court with an adequate record, including the furnishing of a transcript of the evidentiary hearing upon which the Bankruptcy Court's findings of fact are based, the Court finds that the appellant has failed to sustain her burden to establish that the Bankruptcy Court's findings of fact are clearly erroneous and that its legal conclusions are contrary to law.

An order dismissing the appeal will be entered.