Mills v. Harmon Law Offices          CV-00-109-JD   10/23/00
                 UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE

Peter Mills and Deborah Mills

       v.                              Civil No. 00-109-JD
                                       Opinion No. 2000 DNH 227
Harmon Law Offices, et al.


                            O R D E R


     Peter and Deborah Mills, appearing pro se, appeal decisions

of the bankruptcy court denying their motions to vacate an order

lifting the automatic stay, to amend their schedule of claims,

for subpoenas duces tecum, and to impose sanctions for violation

of the discharge order.  The appeal was originally filed as two

separate appeals, which were consolidated at the debtors'

request.[1]  The defendants oppose the debtors' appeal.


                          Background[2]

     Peter and Deborah Mills filed a petition under Chapter 7 in

the Bankruptcy Court on September 19, 1997.  They were

_____

     [1]Mills v. Harmon Law Offices, et al., 00-109-JD, and Mills
v. J. Schwartz Motor Transportation, Inc., 00-245-M, were
consolidated on July 26, 2000, under the case number 00-109-JD.

     [2]The background facts are taken from the parties' briefs and
the record submitted on appeal, including the transcript of a
hearing held on December 1, 1999.

represented by counsel during the bankruptcy proceedings until September of 1999.

Prior to filing for bankruptcy protection, in July of 1997, Deborah Mills, doing business as Sarah's Hat Boxes, signed a lease for a truck trailer with J. Schwartz Motor Transportation, Inc., the lessor. The trailer was leased for $75.00 per month with separate delivery and pick-up charges. The agreement states the lease start date as July 7, 1997. The lease end date was originally August 6, 1997, but that was crossed out and November 23, 1998, was written in the space. The return receipt at the bottom of the agreement indicates that the trailer was returned on November 23, 1998. The return receipt also indicates a credit due of $32.50 for the period between November 24 and December 6, of 1998.

The Millses did not include the lease with Schwartz Motor Transportation in any of their bankruptcy schedules. Schwartz was never notified of the Millses' bankruptcy proceeding. The Millses paid the monthly charge for the trailer until August of 1998. The Millses did not pay the monthly lease charges on the trailer between August and November 23, 1998, when the trailer was returned. Schwartz obtained a judgment on the lease debt in the amount of $309.52 in Manchester District Court on November 11, 1999.

Salem Five Cents Savings Bank was the holder of record of a first mortgage on the Millses' real estate located at 17 Church Street in Kingston, New Hampshire.  The Millses were in arrears in the mortgage payments when they filed for bankruptcy protection, and on October 8, 1997, they filed their intention to surrender the property at 17 Church Street to Salem Five, pursuant to 11 U.S.C.A. § 521(2).  On January 9, 1998, Salem Five moved for relief from the automatic stay as to the 17 Church Street property.  After a hearing, on March 10, 1998, the court granted Salem Five's motion.  Federal Home Loan Mortgage Corporation purchased the 17 Church Street property at a foreclosure sale held by Salem Five on August 12, 1998.

The Millses received their order of discharge on January 8, 1999.  The discharge applied to their mortgage arrearage on the 17 Church Street property.

Although the Millses apparently did not live at the 17 Church Street property, they kept personal property there.  On March 3, 1998, Federal Home served the Millses with a landlord tenant writ issued by the Plaistow District Court.  In January of 1999, the Millses discovered a notation on a document attached to the Salem Five mortgage, which they believe showed that Salem Five had assigned their mortgage to Federal Home Loan Mortgage Corporation in 1987.  Based on that document, the Millses

challenged the legality of Federal Home's title to the 17 Church Street property. The Harmon Law Offices represented Federal Home in their dealings with the Millses.

On April 13, 1999, the Plaistow District Court ordered the landlord tenant matter between the Millses and Federal Home to be transferred to Rockingham County Superior Court to pursue a plea of title, contingent on the Millses providing a bond in the amount of $16,900.00. The bond amount was based on the amount owed by the Millses on their Salem Five mortgage. Despite rulings against them, the Millses continued to fight their eviction until the Rockingham County Superior Court issued an order on November 4, 1999, prohibiting further pleadings from the Millses in that matter.

On November 9, 1999, the Millses, proceeding pro se, filed a motion in the bankruptcy court to vacate the order of March 10, 1998, that granted Salem Five's motion to lift the stay as to the 17 Church Street property. The Millses also filed a motion to require the Harmon Law Offices to show cause why sanctions should not issue against them for violating the bankruptcy court's discharge order. The Millses claimed that the bond ordered by the Plaistow District Court, in the amount of the Millses' mortgage arrearage, was a demand for a discharged debt. Prior to the hearing on the Millses' motions, scheduled for December 1,

4

1999, the Millses moved for subpoena duces tecum to issue to five witnesses to bring documents and other information pertaining to the Salem Five note and mortgage, and other matters.

The court held a hearing on December 1, 1999, and denied the motion to vacate and the motion to show cause. The court found that the motion to vacate was untimely and that the bond was not demand for payment in violation of the discharge. The court then denied the motion for the subpoenas as moot.

On the same day, December 1, 1999, the Millses filed an amended bankruptcy schedule, Schedule F, to include the debt owed to Schwartz Motor Transportation. Schwartz objected to the amended schedule. The court held a hearing on March 8, 2000, and granted Schwartz's objection. No transcript of the hearing was provided. The only record of the court's decision is a form without any amplification of the reasons for the decision.

## Discussion

The Millses contend that the bankruptcy court erred in denying its motions to vacate, to show cause, for subpoenas duces tecum, and in granting Schwartz Motor Transportation's objection to the Millses' amended schedule. The defendants, Federal Home, Harmon Law Offices, and Schwartz seek to affirm the decisions of the bankruptcy court.

5

On appeal, the court reviews de novo the bankruptcy court's legal conclusions.  <u>In re I Don't Trust</u>, 143 F.3d 1, 3 (1st Cir. 1998).  The bankruptcy court's factual findings and applications of properly construed law to fact, however, are entitled to deference and will be set aside only if proven to be clearly erroneous.  <u>See</u> <u>In re Winthrop Old Farm Nurseries</u>, 50 F.3d 72, 73 (1st Cir. 1995); <u>see also</u> <u>Cadle Co. v. McKernan</u>, 207 B.R. 971, 974 (D. Mass. 1997) (explaining continuum of deference in mixed questions of law and fact).  The deferential review of the bankruptcy court's factual findings gives "due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  <u>Palmacci v. Umpierrez</u>, 121 F.3d 781, 785 (1st Cir. 1997).

A.  <u>Denial of Motion to Vacate</u>

The bankruptcy court denied the Millses' motion to vacate its prior order lifting the automatic stay because the motion was not filed within the time allowed by the applicable rule. Bankruptcy Rule 9024 incorporates Federal Rule of Civil Procedure 60 and provides for relief from judgment under specified circumstances.  Relief based on claims of mistake, newly discovered evidence, and fraud must be brought within one year of the judgment.  <u>See</u> <u>id.</u>  Relief based on other reasons must be

6

brought "within a reasonable time."  Id.

The Salem Five mortgage and note, with the notation dated January 20, 1987, relied on by the Millses, was filed at the inception of the bankruptcy proceeding.  All parties had access to that document.  The Mills say that they discovered the pertinent notation in January of 1999.  They argue that the notation means that the mortgage and note were assigned to Federal Home in 1987 so that Salem Five did not hold the mortgage during the bankruptcy proceeding and did not have the right to move the court to lift the automatic stay to permit foreclosure and sale of the property.

The Millses did not file their motion to vacate the order lifting the stay until more than a year and a half after the order was entered and nine months after they say they discovered the notation.  Instead of moving to vacate as soon as they discovered the notation, the Millses chose to pursue state court remedies against Federal Home until the Rockingham County Superior Court issued an order preventing them from filing additional motions in that court.  Under these circumstances, the Millses did not file their motion within a reasonable time.  The decision of the bankruptcy court to deny the motion to vacate is affirmed.  The court's denial of the motion for subpoenas duces tecum is also affirmed.

B. <u>Denial of Motion to Show Cause</u>

A discharge order operates as an injunction against the collection of discharged pre-petition debt. <u>See</u> 11 U.S.C.A. § 524(a)(2); <u>Bessette v. Avco Financial Servs., Inc.</u>, 240 B.R. 147, 155 (D.R.I. 1999). Violations of a discharge injunction may be remedied through motions for civil contempt. <u>See</u> <u>id.</u>

In this case, the bankruptcy court found that the bond required by the Plaistow District Court did not constitute a violation of the discharge injunction by the Harmon Law Office. The Millses have not shown that the court's findings are clearly erroneous. Therefore, the bankruptcy court's denial of the motion to show cause is affirmed.


C. <u>Motion to Amend Schedule</u>

The bankruptcy court granted the objection of Schwartz Motor Transportation to the Millses' motion to amend their bankruptcy Schedule F to include the debt owed to Schwartz. The bankruptcy court apparently found that the agreement with Schwartz did not create a pre-petition debt and that the post-petition debt was not dischargeable. A debtor remains liable for post-petition debt. <u>See</u> 11 U.S.C.A. § 727(b); <u>In re Cousins</u>, 209 F.3d 38, 40 (1st Cir. 2000).

The Mills did not include in the record on appeal a copy of

8

the transcript of the March 8, 2000, hearing in which the bankruptcy judge discussed the reasons for his decision. The lack of a transcript precludes the Millses from showing that any of the bankruptcy court's factual findings are clearly erroneous. See Bankr. R. 8006; Hornick v. I.R.S., 252 B.R. 897, 899 (W.D. Pa. 2000); Acosta v. I.R.S., 184 B.R. 544, 546 (W.D. Tenn. 1995).

The court affirms the decision of the bankruptcy court.

## Conclusion

For the foregoing reasons, the decisions of the bankruptcy court are affirmed. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

October 23, 2000

cc:  Deborah Mills, pro se
     Peter Mills, pro se
     David A. Marsocci, Esquire
     Bruce A. Harwood, Esquire
     Timothy P. Smith, Esquire
     James Winston, Esquire
     George Vannah, Clerk, USBC

9